CHÁRLES B. DUFAU, PLAINTIFF IN ERROR v. JEAN HENRY
COUPREY'S HEIRS, DEFENDANTS IN ERROR.(a)

Motion to dismiss a writ of error on the ground that one of the matters put in
issue in the court below, did not appear, by the record, to have been decided:
Refused, as the issue which was found by the jury, made the plea upon which
no issue appears to have been decided immaterial.

ERROR to the district court of the eastern district of Loui-
siana.

Mr Livingston, for the plaintiff in error, stated that the record
showed that the proceedings in the district court were accord-
ing to the practice in Louisiana, and not according to the
course of the common law. There were two issues and a de-
nial of the debt; and this was tried by a jury; the other on an
allegation of a former recovery. The latter was an issue at
law, and could not be submitted to a jury; but was for the de-
cision of the court.

But the decision of the jury was given in general terms, and it
cannot therefore be ascertained but that they found their ver-
dict on the plea of the former judgment, and not on the issue
of fact. On an examination of the record, it will appear, that
the former judgment did not decide the question between the
parties.

Mr Chief Justice MARSHALL delivered the opinion of the
Court.

There were two pleas by the defendant: 1. That the defend-
ant was not indebted to the plaintiff. 2. That the subject mat-
ter of the suit was res adjudicāta. The former plea was tri-
able by the jury; the latter by the court. There was a trial
by the jury of the issue, and the jury found a verdict for the
defendant. Upon the plea of "res adjudicata" there does not
appear to have been any replication or denial, so as to make
any issue to the court. There is nothing on the record to

(a) This case was decided at January term 1831.

[Dufau v. Couprey's Heirs.]

show that the question of res adjudicata was even submitted to the jury upon the trial. Their verdict, for aught that appeared on the record, was simply confined to the first and proper issue, triable by the jury. This issue being found for the defendant, the other plea became immaterial to the defendant. The court then cannot infer that it was ever tried. There is then no error apparent on the record, and the judgment is affirmed with costs.