## FIDELITY TRUST CO. et al. v. UNITED STATES.

### No. 7827.

District Court, W. D. Pennsylvania.

Nov. 30, 1939.

H. F. Stambaugh, of Pittsburgh, Pa., for plaintiffs.

Charles F. Uhl, U. S. Atty., and Orris Bennett, Sp. Asst. to the U. S. Atty., both of Pittsburgh, Pa., and James W. Morris, Asst. Atty. Gen., Andrew D. Sharpe and George H. Zeutzius, Sp. Assts. to the Atty. Gen., for the United States.

GIBSON, District Judge.

By the instant action the plaintiffs seek to recover a part of the income taxes paid by them for the year 1927, with interest.

Plaintiffs' decedent, at his death on September 28, 1924, was the owner of a tract of land in Los Angeles, California. This tract was a mile long and a half mile wide, and shortly prior to his death the decedent had divided it into city lots and industrial sites and was engaged in selling them. He had expended over $350,000 in laying sewers, grading streets and the like. After the decedent's death plaintiffs expended some $400,000 in additional improvements to the tract, and estimated that $280,000 would be required for future improvements. In 1927 $82,810.44 had been paid for grading, etc.

In December, 1926, the trustees appointed the Frank Meline Company, Inc., of Los Angeles, as their agent to sell the lots, the price of the lots being fixed by the trustees. In 1927, the sales of lots on an installment basis totaled $1,963,901.75, and on a cash basis amounted to $93,323.96. Upon these sales the Commissioner of Internal Revenue, in 1929, determined a taxable profit of $134,322.50.

Plaintiffs had theretofore reported a tax liability of $10,415.83, with $38.41 interest in addition, for 1927. This amount was paid in 1928. In this return the profit from sales of lots was reported as $96,903.39. Thereafter the Commissioner found the profit to be $134,322.50, as stated supra, and declared a deficiency tax of $24,885.-03. Plaintiffs did not appeal from this action, and the Commissioner, on May 23, 1931, assessed a deficiency tax of $24,885.-03, with $4,760.88 interest added. This amount was paid on June 9, 1931. The plaintiffs knew of the deficiency assessment

on March 31, 1931, upon receipt of the sixty-day letter.

The total tax and interest assessed against plaintiffs for 1927 was $40,226.44. On March 13, 1931, plaintiffs filed a claim for refund of $10,415.83. The only basis assigned for the claim was the fact that plaintiffs in their return, in computing their profits on installment sales, had set out as costs only the improvements then made, whereas they had paid $200,000 in addition for improvements, of which a proportionate share applied to 1927. Based upon this claim the Commissioner issued a certificate of overassessment in the amount of $5,034.-53.

The addition of $134,322.50, to the income of plaintiffs for 1927, was made pursuant to a report in 1929, of a revenue agent, who held the income to be from business. On November 9, 1929, plaintiffs filed a protest against this recommendation with the Revenue Agent in Charge at Pittsburgh, wherein they claimed that the estate of D. Herbert Hostetter had not engaged in business as a real estate dealer, but had only divided a large tract of real estate in order to make it more readily convertible into cash.

The contention upon which plaintiffs base their claim to a recovery is that the Commissioner was in error in increasing the profits from the sale of the Los Angeles lots in 1927 to $134,322.50, and taxing that amount as ordinary net income. They assert that such lots constituted capital assets, under § 208(a) (8) of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 158, and not stock in trade or property held primarily for sale in the course of trade or business.

The Government asserts that this claim is unsupported in fact, and further declares that plaintiffs cannot recover because, first, that their claim for refund was filed prior to payment of all taxes due for the year 1927, and second, that said claim did not include the ground of the instant suit.

■ The contention of counsel for the defendant that the claim for refund was prematurely filed, while correct in point of fact, is one which cannot well be urged at this time. The Commissioner received the claim and, pursuant to it, and after final payment of taxes, allowed a certificate of overassessment. The effect of his action was to throw the plaintiffs off guard, and should serve as an equitable estoppel to the Government's claim of premature filing in the present action.

■ The situation is quite different in respect to the assertion of the Government that the claim for refund did not include any contention that the Commissioner had erred in holding that the profits from the sale of lots were to be considered as ordinary income rather than as capital gain. The only basis for the refund claim was set forth as follows: "Taxpayer computed profit on instalment sales of real estate in California, adding to cost (Federal Estate tax appraisement) only the then paid improvements. Since filing the return, taxpayer has expended more than $200,000 additional for improvements to the whole tract, a proportionate share of which applies against 1927 sales."

Section 3226, Revised Statutes, 26 U.S.C.A. Int.Rev.Code, § 3772, requires a claim for refund to be made in accordance with the Treasury Regulations, and these require that "all facts relied upon in support of the claim should be clearly set forth under oath." It is quite apparent in the present action that the basis of it was never presented formally and in writing to the Commissioner, or, in fact, in any way. The plaintiffs filed with the Internal Revenue Agent in Charge in Pittsburgh on November 9, 1929, a protest to a report of a Revenue Agent in which he held the lots in question were "stock in trade", but this protest was made more than a year prior to the refund claim, and no evidence was adduced to show that it had ever reached the Commissioner, who, if he ever had seen it, might well have thought that the position had been abandoned when it was not included in the claim for refund.

■ The failure of the plaintiffs to present the basis of their present claim to the Commissioner must lead to judgment against plaintiffs in the instant action. However, the court may say in addition that the evidence introduced was not such as to satisfy it that the Commissioner had been in error in his finding that the lots in question were "stock in trade".