**CONTINENTAL ILLINOIS NAT. BANK &
TRUST CO. OF CHICAGO et al. v.
UNITED STATES.**

No. 45053.

Court of Claims.

June 2, 1941.

* * *

Samuel H. Horne, of Chicago, Ill. (Albert L. Hopkins, Harry B. Sutter, and Hopkins, Sutter, Hall & De Wolfe, all of Chicago, Ill., on the brief), for plaintiffs.

Elizabeth B. Davis, of Washington, D. C., and Samuel B. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

LITTLETON, Judge.

Plaintiffs overpaid the tax in the amount of $7,043.79 plus interest of $926.11, totaling $7,969.90, for 1932 by reason of failure of the Commissioner of Internal Revenue properly to compute the allowable deduction for charitable contributions, as set forth in the findings. The overpayment was a part of the additional assessment made and paid in 1935. The overpayment of the total amount claimed in this suit by plaintiffs is conceded by the defendant. United States v. Pleasants, 305 U.S. 357, 59 S.Ct. 281, 83 L.Ed. 217.

The defendant contends that a claim for refund filed by plaintiffs on official Treasury Form 843, which was in all respects as to form and substance sufficient to form the basis of a suit to recover the overpayment of the tax and interest, was invalid because it was prematurely filed—that is, it was made and filed before the tax in question had been paid and that, for this reason, there was no claim for refund before the Commissioner within the meaning of section 322(a) (1) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 571, which provides that, where there has been an overpayment of tax the amount of such overpayment shall be credited or refunded immediately to the taxpayer, but that no such credit or refund shall be made or allowed after two years from the time the tax was paid, unless, before the expiration of such period, a claim therefor should be filed by the taxpayer.

Upon the facts and circumstances disclosed by the record, we are of opinion that the contention on behalf of the defendant is not sufficient in substance to require the dismissal of the petition. The defense is wholly technical and, in view of the facts disclosed, is based on a matter of form rather than of substance. While it is true that the claim for refund, insofar as it related to the overpayment of tax here involved, was prematurely made because this part of the tax had not been paid, such tax had been finally determined and proposed to be assessed, and was assessed and collected before the claim was considered and acted upon. The refund claim was not in any respect a protest. The Commissioner had already made his final decision under the statute with respect to this very item. The facts were clearly set forth in the claim and the grounds specifically stated not only with reference to the pertinent items of income and contributions forming a basis of the tax in question but with respect to certain other items of income not now in question affecting the deduction for charitable contributions which was the ground upon which the claim was based. The claim was not void solely because it was prematurely filed. It was not withdrawn or abandoned by plaintiffs. Since the tax here involved to which it related had been paid, the claim was susceptible in several ways of becoming unobjectionable as the basis for appropriate action by suit: Refiling of the identical claim was one; specific request for consideration was another, and consideration thereof and action and decision thereon by the Commissioner without objection to the early filing was a third. After the tax had been paid, the Commissioner took the claim advanced under consideration, considered it on the merits and, after having so considered it, rejected it on the merits. The record as a whole shows that the plaintiffs did not at any time abandon or withdraw the claim or any ground thereof. The Commissioner's consideration thereof and action thereon December 27, 1937, and February 17, 1938, show that he understood that it had not been abandoned and that it was being relied upon. He knew when he considered and acted upon the claim that the tax had been paid and that the claim had been in part prematurely filed. We think this consideration and action cured any defect in form which may have existed in the claim and was as effectual in that regard as if the taxpayer had sent in a carbon copy of the claim or written a letter asking that the claim already on file be considered. In so considering and deciding the claim upon

its merits without objection to the fact that it was premature when filed, the Commissioner effectively waived any objection which might have been made to premature filing. He was acting within the clear scope of his authority. No rights of the government were prejudiced by such waiver, Daily Pantagraph, Inc., v. United States, 37 F. 2d 783, 789, 68 Ct.Cl. 251, 265. In that case the court pointed out that by reason of the pendency of a proceeding before the United States Board of Tax Appeals at the time suit was filed in this court the petition might have been subject to demurrer, and said: "It is sufficient to say that we think that, the proceedings before the Board having ended, the plaintiff is now in a position to maintain this suit, and should not be required to go through the useless proceedings of filing a new petition." The refund statute was intended for real and substantial purposes which was to give the Commissioner an opportunity to consider anew the correctness of the decision on the basis of which the tax had been first determined and assessed, so that the government would not be met in a suit with entirely new and unconsidered claims. For the purpose of validating the refund claim insofar as it was premature when filed, we think the Commissioner's consideration thereof and action thereon was as effective as anything which the decedent or plaintiffs might have done, and in the circumstances disclosed by this record the law ought not to be so construed as to require of a party a mere idle ceremony, Cox v. United States, 6 Pet. 172, 202, 8 L.Ed. 359. The reference by the Internal Revenue Agent in Charge, for the first time in his letter of January 26, 1940, refusing to reconsider the claim, to the fact that it had been prematurely made in part did not destroy the validating effect of the original consideration and decision of the Commissioner on December 27, 1937.

In Fidelity Trust Company, Executor, v. United States, 39 F.2d 451, decided November 30, the taxpayer filed a claim for refund after issuance of a deficiency letter, but before payment of the tax. The claim was subsequently allowed in part and rejected in part, and suit was brought thereon. The court refused in the circumstances to give weight to the contention of the defendant that the claim had been prematurely filed, stating that the Commissioner of Internal Revenue had received the claim and that pursuant thereto and after final payment of the tax he had considered and decided it, allowing an overpayment in part, and that, in such circumstances, the defendant could not afterward successfully urge that the claim was ineffective. In Marshall-Wells Company v. United States, 59 F.2d 106, 75 Ct.Cl. 26, we held that an abatement claim filed before the particular tax in question had been assessed was nevertheless effective as to such tax under section 611 of the Revenue Act of 1928, 26 U. S.C.A. Int.Rev.Acts, page 461. In Lehigh Portland Cement Co. v. United States, 30 F.Supp. 217, 90 Ct.Cl. 36, it was held that a premature assessment of a tax contrai y to the provisions of the statute became a valid, unobjectionable assessment after the happening of the events which removed the defect before proper objection. See, also, Coates v. United States, 2 Cir., 111 F.2d 609.

The defendant relies upon Kings County Savings Institution v. Blair, 116 U.S. 200, 205, 6 S.Ct. 353, 29 L.Ed. 657; Rock Island, Arkansas & Louisiana Railroad Company v. United States, 254 U.S. 141, 142, 41 S.Ct. 55, 65 L.Ed. 188; Blair v. United States ex rel. Birkenstock, 271 U.S. 348, 46 S.Ct. 506, 70 L.Ed. 983, but we think the specific question here presented upon the facts and circumstances disclosed was not presented or decided in any of these cases.

Under the particular facts in this case we are of opinion that plaintiffs are entitled to recover, and judgment will accordingly be entered in their favor for the admitted overpayment of $7,969.90 with interest as provided by law. It is so ordered.