**UNITED STATES v. FIDELITY & DEPOSIT CO. OF MARYLAND.**

**HOFFERBERT, United States Collector of Internal Revenue, v. FIDELITY & DEPOSIT CO. OF MARYLAND.**

Nos. 5912, 5913.

United States Court of Appeals
Fourth Circuit.

Dec. 9, 1949.

For prior opinion, see 177 F.2d 805.

Edward J. P. Zimmerman, Special Assistant to Attorney General (Theron Lamar Caudle, Assistant Attorney General, Ellis N. Slack, Robert N. Anderson and Leland T. Atherton, Special Assistants to Attorney General, and Bernard J. Flynn, U. S. Attorney, Baltimore, Md., on brief), for appellants.

Frank E. Horka, Baltimore, Md. (J. Stuart Galloway, Baltimore, Md., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

## PER CURIAM.

A petition for rehearing suggests that the court failed to consider questions raised in the brief of appellants. This is not correct. The briefs in the case were read by the court in advance of argument and every question raised therein or raised in the petition for rehearing was explored during the argument and was given careful consideration. The court mentioned in its memorandum only one question because that was thought to be the only real question in the case. The others were thought to be so entirely lacking in merit as not to warrant discussion. The petition for rehearing merely confirms this view.

We indicate briefly our views on the questions raised by the petition. On the question of double deduction, the case cannot be distinguished from Commissioner of Internal Revenue v. New Hampshire Fire Ins. Co., 1 Cir., 146 F.2d 697, upon which our decision was based. There was, in fact, no double deduction. It was perfectly proper for taxpayer to deduct premiums paid for reinsurance, since it did not get back the premiums for reinsurance once they were paid; and where the reinsurance was in an unauthorized company, it was proper, also, to deduct the reserve that the law required to be maintained against such unauthorized insurance, since the assets embraced by this reserve were not available to taxpayer. The amount tied up in the reserve was, of course, subjected to taxation as it was released. This was not, as argued, an ordinary reserve against contingent liabilities, but a reserve required by law such as we dealt with in Early v. Lawyers Title Ins. Corp., 4 Cir., 132 F.2d 32, cited in our memorandum opinion.

As to the jurisdiction of the District Court in case No. 5913, it appeared that, while the claim for refund was filed before the fourth installment of the tax was paid, the claim was denied after the payment of the installment and that suit was not filed until almost two and one-half years after the payment. To hold under such circumstances that taxpayer should be thrown out of court and told to file a new claim and then bring suit on it, when the government is denying any liability at all, would be to return to the reign of senseless technicality from which the courts have happily freed themselves. See Continental Illinois Nat. & Trust Bank of Chicago v. United States, 94 Ct.Cl. 126, 39 F.Supp. 620; Fidelity Trust Co. v. United States, D.C., 39 F.Supp. 451.

Petition denied.