Stuart L. CRENSHAW, formerly Collector of Internal Revenue of the United States of America, for the Eastern District of Virginia, at Richmond, Appellant,

v.

Michael HRCKA and John Hrcka, Appellees.

No. 7269.

United States Court of Appeals Fourth Circuit.

Argued Oct. 11, 1956.

Decided Oct. 16, 1956.

Walter Akerman, Jr., Atty., Dept. of Justice (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson and A. F. Prescott, Attys., Dept. of Justice, Washington, D. C., and Lester S. Parsons, Jr., U. S. Atty., Norfolk, Va., on the brief), for appellant.

Lewis B. Greenbaum, Richmond, Va. (Leith S. Bremner and W. Gibson Harris, Richmond, Va., on the brief), for the appellees.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and BRYAN, District Judge.

PER CURIAM.

This is an appeal from judgments for plaintiffs in actions brought by taxpayers for the recovery of federal income taxes paid by them. The actions as to the recoveries affected by this appeal are barred by limitations unless a letter written by the attorney for taxpayers to the internal revenue agent in charge on August 26, 1947 be held an informal claim for refund, which was subject to amendment and which was amended by claims subsequently filed. The letter in question was written in confirmation of a plan approved by the internal revenue agent under which taxpayers were to pay in installments deficiency assessments and penalties assessed against them with

respect to their income taxes, and were subsequently to file claims for refund upon determination by auditors of the amount which they were justly due for the years in question. That letter referred to the tax years in question and to the fact that a petition in the Tax Court relative to the taxes in question had been filed but dismissed because not filed in time. The pertinent portion thereof is as follows:

"Since we have taken this matter up with Mr. Stuart Crenshaw, Acting Collector of Internal Revenue, and have secured his tentative approval of a plan to pay the alleged penalties and deficiency in installments, it is our intention as soon as the entire amount is paid to file claims for refund for what amounts we consider proper. From what we know of the case, the taxpayers do not seem to have a formal set of books and considerable work will have to be done before the refund claims are filed."

On August 27, 1947, the revenue agent in charge acknowledged receipt of the letter and stated that it would be retained in the records of the office for association with claims that might be filed by taxpayers. That letter is as follows:

"Receipt is acknowledged of your letter dated August 26, 1947, with reference to the above matter. You state the reasons for the taxpayers not having filed a timely petition to the United States Tax Court after the issuance of statutory notice by this office.

"With the issuance of statutory notices the jurisdiction of this office ceased in the matter. However, it is noted that claim is to be filed by the taxpayers and accordingly your letter is being retained in the records of this office for association with any claims which may be filed by the above-named individuals."

No contention is made that taxpayers are not justly entitled to recover the amount claimed by them, if the letter thus acknowledged can be treated as an informal claim under the statute. We think that it was properly so treated for reasons adequately stated in the opinion of the District Judge. The letter setting forth the plan under which the installment payments were to be made, and that taxpayers would ask refund of what was paid in excess of what was justly due, met the purpose of the statute, which is to apprise the taxing authorities of the fact that taxpayer is asserting a claim with respect to taxes paid; and the fact that this information was given when the plan was agreed upon and not after payment of the taxes could make no difference to the government and should not defeat the rights of the taxpayer, especially in view of the fact that the internal revenue agent in charge agreed to retain the letter in the records for association with any claim that might subsequently be filed. To so hold would be, as we said in another connection, "to return to the reign of senseless technicality from which the courts have happily freed themselves".

Affirmed.