**Jean D. FRANCIS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CV–S–87–853–HDM.**

United States District Court, D. Nevada.

Sept. 28, 1988.

Harold P. Gewerter, Las Vegas, Nev., for plaintiff.

William Maddox, U.S. Atty., Mark G. Fraase, U.S. Dept. of Justice, Washington D.C., for defendant.

### ORDER

McKIBBEN, District Judge.

Plaintiff, Jean Francis, invokes this court's jurisdiction and seeks a refund of taxes paid to the IRS pursuant to 28 U.S.C. § 1346(a)(1). The IRS has assessed deficiencies against Jean Francis for the years 1980, 1981 and 1982. The deficiency assessed for 1980 includes a tax deficiency of $10,365.32, penalties totalling $2,056.00 plus interest. Jean Francis has paid $10,-365.32 which represents the tax assessment for 1980, but has failed to pay the penalties and interest. The deficiency assessments for 1981 and 1982 total $31,136.15 plus interest. No money has been paid to offset these assessments.

The United States contends that this court lacks jurisdiction under § 1346(a)(1) which provides:

(a) The district courts shall have original jurisdiction, concurrent with the United States Claims Court of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws;

In *Flora v. United States*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960), the Supreme Court construed 28 U.S.C. § 1346(a)(1) to require full payment of assessed tax deficiencies before district court jurisdiction could be invoked. Whether this requirement includes payment of assessed penalties is the precise issue in this case, at least with respect to Ms. Francis' refund claim for 1980.

This court concludes that penalties as well as the assessed tax deficiency must be paid before district court jurisdiction can be invoked. Such a conclusion is based on the theory that penalties become part of the tax itself and finds support in the language of 26 U.S.C. § 6662(a)(2) which provides:

(a) Additions treated as tax. Except as otherwise provided in this title—

(2) Any reference in this title to "tax" imposed by this title shall be deemed also to refer to the additions to the tax, additional amounts, and penalties provided by this chapter.

974

The Fourth Circuit has adopted a similar view. On the issue of the status of late filing penalties the Fourth Circuit stated, "[t]he assessments at issue are taxes by definition and are expressly to be treated as taxes.", *Professional Engineers, Inc. v. United States*, 527 F.2d 597, 599 (4th Cir. 1975).

Because the plaintiff has not paid the assessed penalties for 1980, this court is without jurisdiction to hear her claim.

Plaintiff also seeks a declaration of her tax liability for the years 1981–82 based on the argument that a final determination of the 1980 claim will have a res judicata or collateral estoppel effect for the 1981–82 tax years. Whether plaintiff can prevail on this argument cannot be determined until she files suits for refunds for both the 1981 and 1982 taxable years. *Commissioner v. Sunnen*, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898. Until she pays both her assessed taxes and penalties for those years, this court is without jurisdiction to hear her claims.

Furthermore, plaintiff's complaint, insofar as it seeks a declaration of tax liability, is also attempting to invoke this court's jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. Section 2201(a) of the act specifically denies this court the power to grant declaratory judgments with respect to federal tax liabilities. Therefore, this court has no jurisdiction to grant plaintiff declaratory relief.

Accordingly, defendant's motion to dismiss (# 10) is GRANTED. Said dismissal shall be without prejudice.

It is so ORDERED.