**Dennis NELSON, et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. CV–S–89–30–PMP (LRL).**

United States District Court,
D. Nevada.

Oct. 23, 1989.

Norman J. Azevedo, Marquis, Haney & Aurbach, Las Vegas, Nev., for plaintiffs.

William A. Maddox, U.S. Atty., Las Vegas, Nev., and Mark Fraase, Trial Atty., Tax Div. Dept. of Justice, Washington, D.C., for defendant.

ORDER

PRO, District Judge.

Plaintiffs are taxpayers seeking a refund of income taxes, penalties, and interest which they claim were erroneously and illegally assessed and collected from them by the Internal Revenue Service.

Plaintiffs filed a tax return for the tax year 1982 in timely fashion and paid the taxes reported due on that return. On December 4, 1986, the Commissioner of Internal Revenue sent a Notice of Deficiency to Plaintiffs, informing them of the determination that there was a deficiency in their income tax for 1982 of $50,037 as well as penalties totalling $17,512.95. This Notice, which was signed for by Plaintiff Dennis Nelson, informed Plaintiffs that they could contest the deficiency before making any payment by filing a petition with the United States Tax Court within 90 days. Plaintiffs did not file such a petition, and on December 9, 1986, the statute of limitations for a deficiency assessment for 1982 was extended to May 5, 1987.

On April 20, 1987, the IRS assessed an audit deficiency of $50,037, a negligence penalty of $16,356.88, and interest in the amount of $27,710.05. On May 4, 1987, Plaintiffs filed a claim for refund with the IRS. The claim was received by the IRS on May 8, 1987. Plaintiffs mailed their first payment on May 5, 1987, consisting of three checks totalling $94,103.93, the total of the April 20 assessment. This payment was received on May 11, 1987.

On May 4, 1987, Plaintiffs were assessed a miscellaneous penalty of $15,011.10 as well as interest totalling $5,156.72. Plaintiffs paid these amounts, as well as further accrued interest and another penalty, by checks for $21,555.63 on December 18, 1987, and $683.67 on January 26, 1988.

On July 7, 1987, Plaintiffs' claim for refund was rejected by the IRS because the

**1358**

tax was not yet paid in full. *See* Plaintiffs' Opposition to Motion to Dismiss (# 10) p. 3.

Plaintiffs filed a Complaint (# 1) in this Court on January 10, 1989, seeking refund of the $116,343.23 which they claim was erroneously assessed and collected, as well as interest, costs, and attorney fees. On July 19, 1989, Defendant filed a Motion to Dismiss (# 8), to which Plaintiffs filed an Opposition (# 10) on August 3, 1989. Defendant filed a Reply in Support of its Motion (# 11) on August 24, 1989.

Meanwhile on August 2, 1989, Plaintiffs filed a First Amended Complaint (# 9). Defendant filed a Motion to Dismiss the First Amended Complaint (# 12) on August 24, 1989. Plaintiffs filed an Opposition to the Motion (# 14) on September 11, 1989, and a Supplemental Opposition (# 13) on September 11, 1989. No reply has been filed.

Plaintiffs assert that, pursuant to Rule 15 of the Federal Rules of Civil Procedure, they may amend their Complaint once as a matter of course at any time before the responsive pleading is served. The Ninth Circuit has held that a motion to dismiss is not a responsive pleading within the meaning of Rule 15, *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir.1984), and this Court therefore agrees that the First Amended Complaint is permitted as a matter of course. Because the Defendant's Motion to Dismiss the First Amended Complaint merely incorporates the arguments in its briefs relating to the original Complaint, the Court refers to arguments made in those briefs as well as those of the Plaintiffs in deciding Defendant's second Motion to Dismiss (# 12).

Defendant's Motions to Dismiss, as to the original Complaint as well as the First Amended Complaint, assert that this Court lacks subject matter jurisdiction over this case. Under 26 U.S.C. § 7422(a) (1989), entitled "No suit prior to filing claim for refund," a suit to recover taxes or penalties alleged to have been erroneously collected may not be brought in any court "until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in

pursuance thereof." Such a claim for credit or refund must be filed "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later." 26 U.S.C. § 6511(a) (1989). While a taxpayer may file a petition in the Tax Court prior to paying an assessed tax, the claim for refund which is a prerequisite to District Court jurisdiction may only be filed after the tax is paid. 26 U.S.C. § 6511(a); *Brown v. Commissioner*, 40 A.F.T.R.2d (P–H) ¶ 77–5138 (N.D.Tex.1977); *W.R. Hensarling Corp. v. United States*, 75–1 U.S. Tax Cas. (CCH) ¶ 9396, 1975 WL 559 (S.D. Tex.1975).

Plaintiffs filed a claim for refund on May 4, 1987, though they did not mail even part of the disputed tax until May 5. Plaintiffs claim that this portion is deemed received and paid when it was mailed—that is, on May 5. Defendant responds that it is not considered paid until received, on May 11. Regardless, Plaintiffs admit, even in their Amended Complaint, that the claim was filed May 4, which is earlier than either day when the payment may be considered to have been made.

In their Opposition to Defendant's Motion to Dismiss (# 10), Plaintiffs treat the claim as if it were filed on May 8, the day it was received, although they do not directly assert this to be the case and it is contrary to the averment of their Complaint. However, even if the Claim was filed after this payment was made, the entire tax for which refund is sought was not paid at that point. On May 4, additional penalties were assessed, which penalties became part of the tax the Plaintiffs were obligated to pay. 26 U.S.C. § 6662(a)(2) (1989); *Francis v. United States*, 715 F.Supp. 973 (D.Nev.1988); *see also Professional Eng'rs v. United States*, 527 F.2d 597, 599 (4th Cir.1975). Until the entire tax was paid, the claim could not be duly filed, and it is undisputed that no claim was filed after complete payment. This Court therefore lacks jurisdiction. As the Ninth Circuit held in *Boyd v. United States*, 762 F.2d 1369, 1371 (9th Cir.1985), filing the claim

according to the rules is a jurisdictional prerequisite for suit in District Court.

Plaintiffs have cited a couple of cases where courts held that filing a claim before payment was complete was adequate to confer District Court jurisdiction. *See Crenshaw v. Hrcka,* 237 F.2d 372 (4th Cir. 1956); *United States v. Fidelity & Deposit of Md.,* 178 F.2d 753 (4th Cir.1949). However, these cases have not been followed by other courts and they appear to be inconsistent with the principle that waivers of sovereign immunity, such as consent to be sued for tax refunds, are to be narrowly construed and each condition for such waiver must be met. *See Lehman v. Nakshian,* 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981); *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980). Further, Plaintiffs were made aware more than two years ago of the requirement that a claim for refund be filed only after payment is completed, for that is the very reason their claim was rejected on July 7, 1987.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Plaintiffs' original Complaint (# 8) is denied as moot due to the filing of Plaintiffs' Amended Complaint (# 9) on August 2, 1989.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint (# 12) is granted, and the First Amended Complaint (# 9) is dismissed without prejudice.