Michael E. **BOWLES,** and Lynn G. Bowles, Plaintiffs,

v.

**UNITED STATES of America,**
**Defendant.**

Civ. A. No. 83–0025–C.

United States District Court,
W.D. Virginia,
Charlottesville Division.

June 17, 1986.

Robert M. Musselman, Douglas E. Little, Charlottesville, Va., for plaintiffs.

John Perry Alderman, U.S. Atty., Roanoke, Va., Stuart D. Gibson, Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION

MICHAEL, District Judge.

This matter is before the Court on the motion of the United States of America to dismiss this action for lack of jurisdiction. This suit was originally brought under 28 U.S.C. § 1346(a)(1) in 1983 to recover taxes paid for the taxable years 1977, 1978 and 1979. Plaintiffs had claimed in their tax returns for those years deductions for travel and living expenses while away from their asserted tax home in New York, New York, and while in pursuit of their minor trade of producing wine in Charlottesville, Virginia. Plaintiffs claimed these deductions under § 162(a)(2) of the Internal Revenue Code, 26 U.S.C. § 162(a)(2).

On April 18, 1984, prior to trial, the defendant filed a motion for summary judgment in which it argued that plaintiffs' tax home was actually located in the Charlottesville area, rather than in New York City. At the trial before the Court, the plaintiffs relied upon their original asser-

tion that their tax home was located in New York City, while the United States continued to claim that the plaintiffs' tax home was in Charlottesville. Following the trial, the court issued a Memorandum Opinion in which it found that the plaintiffs' tax home was indeed located in Charlottesville, Virginia, and that expenses incurred while traveling from New York to Charlottesville were appropriately disallowed as deductions by the Commissioner of the Internal Revenue.

In January 1985, however, the court reopened this action in order to allow a computation of the plaintiffs' ultimate tax liability and ordered the parties to submit their respective conclusions as to tax liability by April 5, 1985. This was done in the belief, ultimately proven to be mistaken, that the parties could work out the remaining problems among themselves, the Court at that time perceiving those problems as principally, if not entirely, ministerial matters. The United States ultimately objected to that order, however, and filed a motion to strike any further proceedings in the case and to have the case dismissed from the court's docket for lack of jurisdiction. Plaintiffs have argued in response (1) that this court has jurisdiction to consider the plaintiffs' claim for a refund based upon a tax home in Charlottesville, and (2) that even if such jurisdiction does not otherwise exist, the government has waived its right to raise this jurisdictional argument. The court will consider these issues *seriatim.*

I. *Jurisdiction to hear an amended claim for refund:*

■■■ It is well established under federal law, and undisputed by the parties in this action, that a suit for refund of federal income taxes brought under I.R.C. § 7422(a) has as a prerequisite the filing of a timely claim for tax refund. *United States v. Felt & Tarrant Mfg. Co.,* 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025 (1931); *Harvey v. Early,* 160 F.2d 836 (4th Cir. 1974). It is similarly undisputed by the parties herein that a failure to raise factual or legal grounds in a claim for refund bars raising such grounds later in a suit for

refund. *Real Estate Title Co. v. United States,* 309 U.S. 13, 17–18, 60 S.Ct. 371, 373, 84 L.Ed. 542 (1940); *Old Dominion Box Co. v. United States,* 477 F.2d 340, 345–47 (4th Cir.) *cert. denied,* 414 U.S. 910, 94 S.Ct. 231, 38 L.Ed.2d 148 (1973). The primary purpose underlying these provisions is to advise the Commissioner of Internal Revenue of the nature of the taxpayer's claim, to allow a full and fair investigation of these claims by the Commissioner, and to focus any subsequent litigation only upon those claims which have been presented to the Commissioner. It is axiomatic that a suit brought under I.R.C. § 7422 to correct an allegedly erroneous tax assessment cannot be maintained based upon a claim of error which the Commissioner has never had the opportunity to consider or rectify.

■■ In the present case, it is uncontroverted that plaintiffs first sought a tax refund based upon their assertion that their tax home was in New York City, and subsequently have maintained throughout the present law suit that the claimed refunds were appropriate, based upon a New York City tax home. At no time prior to plaintiffs' response to the government's instant motion did the plaintiffs raise a claim for refund based upon a tax home in Charlottesville, rather than New York City.

Plaintiffs claim, however, that notwithstanding this deficiency, their new claim based upon a Charlottesville tax home must be allowed, since the Commissioner clearly considered the issue of the location of plaintiffs' tax home, and thus considered many of the same facts as are relevant to petitioner's claim that their tax home was located in Charlottesville. In addition, petitioners argue that they did not file an "alternative" theory of tax liability on a separate tax return, since no such procedure is allowed for under I.R.S. regulations.

While equity considerations give some color to these arguments, equity considerations cannot overcome the rather clear requirements of federal law. Since the days of the early Chancellors, the maxim has been that "Equity follows the Law," where

the law has spoken with clarity in a given area. Plaintiffs simply ignore, or fail to distinguish, the many cases which hold that merely the incidental presentation of evidence to support an alternative claim for refund does not support the requirement of 26 C.F.R. § 301.6402–2 that such a claim must "set forth in detail each ground upon which a credit or refund is claimed...." In *Old Dominion Box Co. v. United States*, 477 F.2d 340 (4th Cir.1973), the Fourth Circuit held that "the Commissioner, through his agents, cannot be expected to formulate from raw facts a taxpayer's unarticulated claim." *Id.* at 347; *See also Sappington v. United States*, 408 F.2d 817, 819 (4th Cir.1969); *Bear Valley Mutual Order Co. v. Riddell*, 493 F.2d 948, 951 (9th Cir.1974) (holding that some factual uncertainty pertaining to the appropriateness of refunds claimed, which required resolution by the court, did not "relieve the taxpayer of the responsibility of advancing *all* issues bearing on its tax liability for the disputed years in its claim for refund."); *Continental Illinois Bank & Trust Co. v. United States*, 67 F.2d 153, 155 (7th Cir. 1933), *cert. denied*, 291 U.S. 663, 54 S.Ct. 439, 78 L.Ed. 1054 (1934) (holding that "the possibility or probability that the government agent might have ascertained the facts now relied on for recovery cannot take the place of compliance with the requirements of the statutes and the departmental regulations ..."). Merely because the Commissioner, in the present case, may have considered some, or even many of the facts which are pertinent to plaintiff's belated claim for a refund based upon a Charlottesville tax home falls far short of compliance with the specific requirements of § 7422(a) and 26 C.F.R. § 301.6402–2(b). For these reasons, the court finds that it lacks jurisdiction to conduct any further proceedings concerning the plaintiffs' present claim for a refund based upon their tax home being located in Charlottesville, Virginia.

II. *Waiver of the Statutory Requirements:*

■ Plaintiffs argue alternatively that, even if they have not strictly complied with the statutory provisions, the government has waived its right to forward this jurisdictional argument. It is well established that the Commissioner may, under certain circumstances, waive the regulatory requirements concerning the filing of a claim for refund. *Angelus Mining Co. v. Commissioner*, 325 U.S. 293, 297, 65 S.Ct. 1162, 1164, 89 L.Ed. 1619 (1945); *Tucker v. Alexander*, 275 U.S. 228, 229, 48 S.Ct. 45, 45, 72 L.Ed. 253 (1927). However, the United States Supreme Court has made it clear that

the showing should be *unmistakable* that the Commissioner has in fact seen fit to dispense with his formal requirements and to examine the merits of the claim. It is not enough that in some round about way the facts supporting the claim may have reached him. The Commissioner's attention should have been focused on the merits of the particular dispute. The evidence should be clear that the Commissioner understood the specific claim that was made even though there was a departure from form in its submission.

*Angelus*, 325 U.S. at 297–98, 65 S.Ct. at 1165 (emphasis supplied). *See also, Old Dominion Box Co., supra; Herrington v. United States*, 416 F.2d 1029, 1032 (10th Cir.1969); *Cudahy Packing Co. v. United States*, 152 F.2d 831, 836 (7th Cir.), *cert. denied*, 328 U.S. 849, 66 S.Ct. 1120, 90 L.Ed. 1622 (1946).

■ Despite the plaintiffs' heavy burden of proof, as outlined by the court in *Angelus*, plaintiffs suggest here that under *Brown v. United States*, 427 F.2d 57 (9th Cir.1970), the government waived its right to challenge deductions based upon a Charlottesville tax home, since the government itself raised the issue of a Charlottesville tax home as an affirmative defense shortly prior to trial. In *Brown* the court stated that

It would be unfair to allow the government to assert a new defense to a tax payer's claim at pre-trial and simultaneously prevent the taxpayer from making appropriate responses to it, because the taxpayer had not previously anticipated the defense.

427 F.2d at 62. The present case however, is distinguishable from the *Brown* case in several important respects.

First, there exists considerable doubt in the present case whether the government's "defense", that the plaintiffs' tax home was in Charlottesville instead of New York, was one which "the taxpayer had not previously anticipated." In the court's view, under 26 U.S.C. the government did not ambush the plaintiffs with such a "surprise defense". Under section 162(a)(2), plaintiffs are under a burden to prove that they (1) incurred ordinary and necessary travel expenses, (2) while "away from home" and (3) in the pursuit of a trade or business. These were the issues to be determined at trial, and plaintiffs reasonably knew or should have known that the government would contest one or more of these elements of plaintiffs' claim for refund. In fact, in its answer to plaintiffs' complaint, the United States stated merely that it denied that the plaintiffs were entitled to a deduction under 162(a)(2), thus bringing into dispute every element required in section 162(a)(3).

On March 1, 1984, the plaintiffs, in their interrogatories to the defendant, requested the specific grounds upon which defendant relied in denying plaintiffs entitlement to a deduction. Although this interrogatory apparently was never answered, the United States filed a motion for summary judgment on April 18, 1984, two weeks before trial, in which it detailed its argument that the plaintiffs' tax home was located in Charlottesville, rather than in New York City. However, at no time did plaintiffs, either in their response to the government's motion for summary judgment, in the two weeks preceding trial, at any time during the course of the trial, or in their post-trial memorandum, respond to this "defense" by claiming in the alternative deductions based upon a Charlottesville tax home. In fact, plaintiffs did not present an argument for deductions based upon a Charlottesville tax home until January of 1985, a full eight months following the trial in this case.

This case thus presents a wholly different set of circumstances from those that existed in *Brown,* where the plaintiff had been flatly denied an opportunity to respond to a defense which was based upon information not previously brought to attention of the Commissioner of Internal Revenue. While this court does not at this time rule that *Brown* would control in such a situation as that presented in *Brown,* the court finds that under the facts of this case, plaintiffs' waiver argument must fail.

III. *Conclusion:*

For the reasons set forth above, this court finds that under 26 U.S.C. § 7422(a), and under 26 C.F.R. § 301.6402–2, it has no jurisdiction to hear the plaintiffs' claim for deductions under I.R.C. § 162. Accordingly, the United States' motion to dismiss for lack of continued jurisdiction shall be granted, and this action shall be dismissed with prejudice from the docket of this court.

An appropriate Order shall this day issue.