Michael E. BOWLES; Lynn G. Bowles,
Plaintiffs-Appellants,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 86–2583.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 6, 1987.

Decided June 3, 1987.

Douglas E. Little, Charlottesville, Va. (Robert M. Musselman, on brief), for plaintiffs-appellants.

Michael B. Rappaport, Tax Div., Dept. of Justice, Washington, D.C. (Roger M. Olsen, Asst. Atty. Gen., Michael L. Paup and Richard Farber, on brief), for defendant-appellee.

Before SPROUSE and ERVIN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

SPROUSE, Circuit Judge:

Michael E. Bowles and Lynn G. Bowles, his wife, appeal from the district court's dismissal of their tax refund suit. The Bowles had attempted to assert claims for business-expense deductions incurred while away from their tax home claimed to be in Charlottesville, Virginia. The district court ruled that it lacked jurisdiction to hear these claims because the Bowles failed to assert in their administrative refund claim that Charlottesville was their tax home. We agree that the Bowles failed to assert this basis for recovery at the administrative level. We reverse, however, because the Internal Revenue Service (IRS) waived its right to object to this requirement.

In the late 1970s, Mr. and Mrs. Bowles were employed by Pan American World Airways. Mr. Bowles was an airline pilot and Mrs. Bowles was a flight attendant. They operated out of John F. Kennedy Airport in New York City and maintained an apartment near the airport. The Bowles also maintained a residence in Charlottesville, Virginia, where they operated a vineyard and winery. The Bowles considered New York City their home for tax purposes and treated the winery as a trade or business. On their federal income tax returns for 1977, 1978 and 1979, they deducted transportation expenses between New York City and Charlottesville, as well

as meals and lodging expenses incurred while in Charlottesville.[1]

After auditing the Bowles, the IRS disallowed the deductions. According to the IRS, these expenses were non-deductible personal expenses, not legitimate business expenses. In March 1982, the Bowles paid the additional taxes owed as a result of the disallowance and then filed amended federal income tax returns, in which they claimed a refund for each year.[2] After the IRS denied their refund claims, the Bowles instituted this action in federal district court in Virginia.

In their complaint, the Bowles contended that they were entitled to deduct their travel, meal and lodging costs as legitimate business expenses under § 162(a)(2) of the Internal Revenue Code. 26 U.S.C. § 162(a)(2). In answering the Bowles' interrogatories, the IRS continued to maintain

> that each of the deductions placed in issue by [the Bowles'] suit for refund constituted non-deductible personal expenses described in Internal Revenue Code Section 262 which were not incurred by [the Bowles] in the pursuit of their trade or business, but, rather, were incurred by them incident to their personal family life.

Three weeks before trial, however, the IRS changed its position. In a motion for summary judgment, it contended that, as a matter of law, the Bowles could not establish that they maintained a home in New York City—the existence of which was a factual predicate to their claims for deductions under § 162(a)(2). On the first day of trial, the IRS further altered its position. It conceded that the Bowles' winery constituted a trade or business, but contended that Charlottesville, Virginia, and not New York City, was the Bowles' "tax" home.

The district court agreed that Charlottesville was the tax home, entered judgment in the IRS' favor and dismissed the case (in December 1984).

The suit had been placed in a different posture, however, by the IRS' new position that Charlottesville was the Bowles' tax home. Accordingly, the district court reinstated the case in January 1985 and directed the parties to confer over the extent of the Bowles' tax liability if Charlottesville was considered their tax home. The IRS, however, contended that the court was without jurisdiction to reinstate the case because the Bowles had never claimed Charlottesville as their tax home at the administrative level. The district court agreed and again dismissed the case. *See Bowles v. United States*, 642 F.Supp. 159 (W.D.Va.1986). The Bowles appeal from this second dismissal. The sole issue is whether the district court has jurisdiction to hear the Bowles' claims for business-expense deductions incurred while away from their Charlottesville home.

> Section 7422(a) of the Code provides:
> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed ... until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof.

26 U.S.C. § 7422(a). In addition, the Treasury regulations state that "[t]he claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." Treas.Reg. § 301.6402–2(b)(1).[3] Moreover, a "taxpayer

---

1. The Bowles deducted these expenses under § 162 of the Internal Revenue Code, 26 U.S.C. § 162, which provides in pertinent part:

   (a) ... There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—

   .      .      .      .      .

   (2) traveling expenses (including amounts expended for meals and lodging other than

amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business.

2. The Bowles claimed they were due a refund of $5,107.67 ($1,077 for 1977, $1,675 for 1978 and $2,355.67 for 1979).

3. These requirements exist "to prevent surprise, and to give the IRS adequate notice of the claim and its underlying facts so that it can make an

is barred from raising in a refund suit grounds for recovery which had not previously been set forth in its claim for refund." *Mallette Bros. Construction Co., Inc. v. United States,* 695 F.2d 145, 155 (5th Cir.), *cert. denied,* 464 U.S. 935, 104 S.Ct. 341, 78 L.Ed.2d 309 (1983). The IRS, however, can waive this requirement and consider grounds for recovery not raised by the taxpayer in their claim for refund. *See id.; Brown v. United States,* 427 F.2d 57, 62 (9th Cir.1970).

At the administrative level, the Bowles' claims for § 162(a)(2) deductions was premised on two facts—New York City was their tax home and their winery in Charlottesville constituted a trade or business. The IRS did not contest the fact that New York City was their tax home. Instead, it denied the Bowles' claims on the ground that the expenses were personal in nature, rather than legitimate business expenditures. The IRS subsequently altered its position in the district court, however, and successfully argued that the Bowles' claims should be rejected because Charlottesville was the Bowles' tax home. The Bowles contend that by this drastic change of position at trial, the IRS waived its right to object to their assertion of claims for deductions based on the IRS' new position. We agree.

In *Brown v. United States,* 427 F.2d 57 (9th Cir.1970), the Ninth Circuit confronted the same issue. During the district court proceedings, the IRS interjected a defense that differed from its rationale for denying a claim at the administrative level. The taxpayer then attempted to advance a ground for recovery that differed from that articulated in its claim for refund, but which was premised on the IRS' new position. The court held that the IRS had waived its right to object to the taxpayers' new theory of recovery, stating that:

It would be unfair to allow the Government to assert a new defense to a taxpayer's claim at pretrial and simultaneously to prevent the taxpayer from making appropriate responses to it, because the taxpayer had not previously anticipated the defense. The administration of the revenue system would not be enhanced by encouraging taxpayers to baloon [sic] their refund claims in attempts to anticipate every conceivable Government defense.

*Brown,* 427 F.2d at 62.

The IRS attempts to distinguish *Brown* by arguing that its new position (that Charlottesville was the Bowles' tax home) did not surprise the Bowles. It fails. If the IRS had denied the Bowles' refund claims on the ground that New York City was not their tax home, the Bowles could have filed new administrative claims and asked for refunds on the same theory they now wish to pursue in the district court, *i.e.,* that they are entitled to deduct business expenses incurred while away from their Charlottesville home.[4] *See Huettl v. United States,* 675 F.2d 239, 241 (9th Cir.1982) (Taxpayer may file more than one administrative refund claim within statutory period). Instead, the IRS denied the Bowles' claims on the ground that the deducted expenses were personal expenses, not legitimate business deductions. It was not until May 2, 1984 (the first day of trial in the district court), that the IRS argued that the Bowles' claims should be denied on the ground that Charlottesville was their tax home. This reversal of position occurred six weeks after the Bowles' deadline for filing any new administrative refund claims. It cannot be disputed that the Bowles were surprised. Not only were they confronted with a new defense at trial, but they were time-barred from filing any new administrative refund claims. We easily conclude that, under these circumstances, the IRS waived its right to object

administrative investigation and determination regarding the claim." *Boyd v. United States,* 762 F.2d 1369, 1371 (9th Cir.1985).

**4.** The Bowles paid all the taxes involved in this case in March 1982. They then had two years in which to file a claim for refund. 26 U.S.C. § 6511(a). The Bowles filed their claim for refund later in March 1982 and the IRS denied it in August 1982. If the IRS had denied the claim on the basis that New York City was not the tax home, the Bowles still had until March 1984 to file a new administrative claim.

to the Bowles responding to its new defense by asserting that Charlottesville was their tax home.

The district court therefore erred in dismissing the Bowles' suit for lack of jurisdiction. The Bowles are entitled to amend their tax refund suit to include a claim for recovery on the theory that Charlottesville, Virginia, is their tax home. The judgment of the district court is reversed and the case is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.