**Ben E. DOUGLAS, Jr. and Bygie S. Douglas, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. C-C-89-233-P.**

United States District Court, W.D. North Carolina, Charlotte Division.

Nov. 21, 1989.

J. Randall Groves and Patricia A. Kornegay, Weinstein & Sturges, P.A., Charlotte, N.C., for plaintiffs.

Betsy E. Burke, Robert L. Walsh, Trial Attys., U.S. Tax Div., Washington, D.C., for defendant.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on Defendant's Motion to Dismiss Plaintiffs' Complaint, filed August 25, 1989. On October 6, 1989, Plaintiffs filed a Memorandum Opposing Motion to Dismiss Plaintiffs' Complaint.

Plaintiffs filed this civil action seeking to recover a refund of federal income taxes totalling $103,992, plus statutory accruals. Plaintiffs claim entitlement to the tax refund on their 1983 federal taxes on the basis of a long-term capital gain declaration and certain bad debt deductions.

In the Motion to Dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant claims essentially that Plaintiffs have failed to satisfy conditions precedent to the filing of a tax refund suit, which conditions precedent are provided in section 7422(a) of the Internal Revenue Code (hereafter "the Code"). Defendant argues, therefore, that this Court lacks subject matter jurisdiction over Plaintiffs' action. Plaintiffs, however, contend that the United States can waive strict compliance with section 7422(a). Plaintiffs argue that because the Internal Revenue Service (IRS) has treated Plain-

tiffs' amended tax return as a claim for refund and disallowed Plaintiffs' claimed deductions on the amended tax return, Defendant actually has waived strict compliance with the requirements of section 7422(a).

Section 7422(a) of the Code provides in pertinent part as follows:

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, ... until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law, and the regulations of the Secretary....

26 U.S.C. § 7422(a) (1982). Courts have recognized that although Congress in section 7422(a) has authorized suit against the United States for the recovery of taxes, Congress has conditioned the consent to suit on the strict compliance with statutory provisions. *See Rock Island, Arkansas & La. R.R. v. United States*, 254 U.S. 141, 142–43, 41 S.Ct. 55, 55–56, 65 L.Ed. 188 (1920) (recognizing that upon waiving immunity, United States has right to insist upon literal compliance with statutory provisions governing jurisdiction); *United States v. Standard Oil Co.*, 158 F.2d 126, 129 (6th Cir.1946) (requiring meticulous compliance with conditions for recovery of taxes), *cert. denied*, 331 U.S. 836, 67 S.Ct. 1519, 91 L.Ed. 1849 (1947); *Lipsett v. United States*, 37 F.R.D. 549, 551 (S.D.N.Y. 1965) (holding that failure to comply with requirements of waiver of immunity is jurisdictional defect to suit), *appeal dismissed*, 359 F.2d 956 (2d Cir.1966). Courts have interpreted section 7422(a) to require a taxpayer to pay the full amount of the contested assessment, to file a claim for refund with the IRS after the payment, and to allow either the IRS to reject the claim for refund or six months to pass without any IRS action on the claim for refund. *Flora v. United States*, 357 U.S. 63, 74–75, 78 S.Ct. 1079, 1085–86, 2 L.Ed.2d 1165 (1958); *Thomas v. United States*, 755 F.2d 728, 729 (9th Cir.1985); *Fidelity Bank, N.A. v. United States*, 616 F.2d 1181, 1182 n. 1 (10th Cir.1980); *see* 26 U.S.C. § 6532(a) (1982) (proscribing taxpayer from bringing suit for refund under § 7422(a) before six months from filing of claim with IRS unless IRS rejects claim for refund before expiration of six months). The parties have cited numerous district court decisions, published in tax reporters, in which the courts have held that claims for refund submitted before full payment of assessment are not "duly filed" under the provisions of section 7422(a) requiring prior payment of the assessed tax.

Some courts generally have held that the jurisdictional requirements of section 7422(a) cannot be waived. *Shanker v. United States*, 571 F.2d 8, 10 (8th Cir. 1978); *Bruno v. United States*, 547 F.2d 71, 74 (8th Cir.1976); *Essex v. Vinal*, 499 F.2d 226, 231 (8th Cir.1974), *cert. denied*, 419 U.S. 1107, 95 S.Ct. 779, 42 L.Ed.2d 803 (1975); *Missouri Pac. R.R. v. United States*, 214 Ct.Cl. 623, 558 F.2d 596, 599 (1977). Other courts, however, have recognized that in specific circumstances, the United States may waive strict compliance with the statutory provisions of section 7422(a). *Angelus Milling Co. v. Commissioner*, 325 U.S. 293, 297, 65 S.Ct. 1162, 1164, 89 L.Ed. 1619 (1945); *Bowles v. United States*, 820 F.2d 647, 649–50 (4th Cir. 1987); *Mallette Bros. Const. Co. v. United States*, 695 F.2d 145, 155 (5th Cir.), *cert. denied*, 464 U.S. 935, 104 S.Ct. 341, 78 L.Ed.2d 309 (1983); *Salyersville Nat'l Bank v. United States*, 613 F.2d 650, 651–52 (6th Cir.1980); *Martinez v. United States*, 595 F.2d 1147, 1148 (9th Cir.1979); *United States v. Fidelity & Deposit Co.*, 178 F.2d 753, 754 (4th Cir.1949). Although recognizing the ability of the United States to waive strict compliance with the statutory requirements, courts require a very clear showing that the United States intended to dispense with, and thus waive, the formal statutory requirements. *Angelus Milling*, 325 U.S. at 297, 65 S.Ct. at 1164; *Bowles*, 820 F.2d at 649; *Mallette Bros.*, 695 F.2d at 156. *Martinez*, 595 F.2d at 1148. Courts, however, have recognized that the taxpayer bears an extremely heavy burden to show a waiver by the

United States. *Mallette Bros.*, 695 F.2d at 156.

Courts have found that the United States has waived strict compliance with the statutory requirements, however, in only very limited circumstances. Courts have found, first, a waiver when the United States has failed timely to object to a taxpayer's raising a new basis for a refund that the taxpayer had failed to raise on the administrative level. *See First Nat'l Bank of Fayetteville v. United States*, 727 F.2d 741, 745 (8th Cir.1984) (finding waiver because United States raised objection to taxpayer's new basis for refund only after judgment while filing motion to amend judgment); *United States v. Henderson Clay Products*, 324 F.2d 7, 18 (5th Cir. 1963) (finding waiver when United States failed to object to complaint raising new basis for refund and filed answer to complaint), *cert. denied*, 377 U.S. 917, 84 S.Ct. 1182, 12 L.Ed.2d 186 (1964); *United States v. Pierotti*, 154 F.2d 758, 761–62 (9th Cir. 1946) (finding waiver when United States raised issue of new basis for refund only after trial and after court made and filed its findings of fact); *Niagara Mohawk Power Corp. v. United States*, 207 Ct.Cl. 576, 525 F.2d 1380, 1387 (1975) (finding waiver when United States raised in motion for summary judgment basis for disallowing claim for refund that United States previously had not asserted at administrative level); *see also Tucker v. Alexander*, 275 U.S. 228, 231, 48 S.Ct. 45, 46, 72 L.Ed. 253 (1927) (finding waiver when United States stipulated that issue not raised by taxpayer in claim for refund was issue for trial and when court tried new issue). Courts have recognized a waiver when the United States at trial challenged one of the taxpayers' contentions, which the United States previously had not contested, and drastically altered the nature of the trial. *Bowles*, 820 F.2d at 649. Courts have found a waiver by the United States, further, when the United States relied upon a defense at trial that differed from its reasoning for denying the taxpayer's claim for refund at the administrative level. *Brown v. United States*, 427 F.2d 57, 62 (9th Cir. 1970). Courts have found, also, that by considering the merits of a taxpayer's claim and disallowing the claim although the statute of limitations period had passed, the United States waived strict compliance with the statutory requirements. *Martinez*, 595 F.2d at 1148. Although not finding that the United States had waived strict compliance with the statutory requirements, courts on occasion have not required a taxpayer to comply strictly with the statutory provisions when the taxpayer had made full payment of the challenged tax assessment before the IRS finally determined the claim for refund despite the fact that the taxpayer actually filed the administrative claim for refund before full payment of the assessed taxes. *United States v. Fidelity & Deposit Co.*, 178 F.2d 753, 754 (4th Cir.1949).

In this case, however, the Court believes that the facts in this matter do not reveal that the United States has waived strict compliance with the statutory requirements. In the Answer, filed July 26, 1989, Defendant challenged this Court's subject matter jurisdiction. In the Motion to Dismiss Plaintiffs' Complaint, Defendant raises the same challenges. Defendant claims, first, that as to a portion of Plaintiffs' payment in the amount of $8,091 plus statutory accruals, Plaintiffs have failed to file an administrative claim for a refund. Defendant claims, second, that as to the remaining portion of Plaintiffs' payment of approximately $91,956, Plaintiffs have not "duly filed" an administrative claim within the meaning of the Code. It appears clear to the Court that Defendant in no way has acquiesced to suit. It appears that, instead, Defendant actually has challenged the propriety of this Court determining at this time the merits of Plaintiffs' suit.

After a careful review of the file and the applicable law, the Court believes that Plaintiffs have not presented properly this claim to Defendant and given the United States the opportunity to resolve this matter at the administrative level. The Court is of the opinion that as to Plaintiffs' payment of $8,091 plus statutory accruals, Plaintiffs failed to file an administrative claim for a refund before instituting this

action. The Court believes, further, that as to Plaintiffs' payment of approximately $91,956, Plaintiffs have not duly filed a claim for a refund. The Court does not believe that Plaintiffs' filing of an amended tax return is the proper administrative method for making a claim for a refund. Before this Court attempts to determine Plaintiffs' claim for refund, the Court believes that Plaintiffs should follow the appropriate administratively established procedures.

The Court believes also that one other important factor exists in determining that the United States did not waive strict compliance with the statute. In the cases in which courts found a waiver by the United States, the taxpayer fully had paid the assessed taxes either before filing an administrative claim for refund or before the IRS had determined the claim for refund. In the case before the Court, Plaintiffs have failed to allege in the Complaint that Plaintiffs actually fully have paid the assessed taxes. The Court, however, has learned through an exhibit attached to Defendant's Motion to Dismiss Plaintiffs' Complaint that Plaintiffs fully had not paid its assessed taxes until approximately June 1988, approximately ten months after the IRS examined Plaintiffs' amended tax return and disallowed their claimed deductions and capital gain determination.

Moreover, Plaintiffs have failed to present to the Court any substantial showing of prejudice by a dismissal. It appears at this time that the statute of limitations for Plaintiffs' claim for refund is seven years. *See* 26 U.S.C. § 6511(a) (1982) (requiring taxpayer to bring claim for refund within 3 years from filing of return or 2 years from payment of tax, whichever period of time expires later); *id.* at § 6511(d)(1) (seven-year statute of limitations for refund claim having bad debt deductions as basis for claim). The Court believes that after Plaintiffs properly make a claim for refund at the administrative level and after the United States disposes of the claim, Plaintiffs can refile this action within the seven-year statute of limitations period. The Court, therefore, will grant Defen-

dant's Motion to Dismiss Plaintiffs' Complaint.

NOW, THEREFORE, IT IS ORDERED that (1) Defendant's Motion to Dismiss Plaintiffs' Complaint is hereby GRANTED; and (2) Plaintiffs' Complaint is hereby DISMISSED WITHOUT PREJUDICE.