Michael E. BOWLES and Lynn G. Bowles, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 83–0025–C.

United States District Court, W.D. Virginia, Charlottesville Division.

July 31, 1990.

Robert M. Musselman, Douglas E. Little, Charlottesville, Va., for plaintiffs.

U.S. Atty., Roanoke, Va., Stuart D. Gibson, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION

MICHAEL, District Judge.

The plaintiffs herein, Michael and Lynn Bowles, have asked the court to enter an order awarding them costs and attorney's fees pursuant to 26 U.S.C. § 7430. Both parties have submitted briefs supporting their respective positions regarding such an award and, upon due consideration, the matter is ripe for disposition.

### I. Background

Because an award of fees depends largely on the parties' behavior during the litigation, a thorough discussion of the case history is appropriate. In 1983, the Bowles sued the United States under 28 U.S.C. § 1346(a)(1) to recover taxes paid for the taxable years 1977–1979. During those years, the plaintiffs determined their tax liability based on a New York tax home, as they worked out of the John F. Kennedy Airport in New York City and had an apartment nearby. Their differences with the Internal Revenue Service (IRS) stemmed from business deductions related to the Bowles' vineyard and winery in Charlottesville, Virginia.

After auditing the Bowles' 1977–1979 tax returns, the IRS denied that the Bowles' expenses traveling to and from Charlottesville were deductible "business expenses" under 26 U.S.C. § 162(a)(2). Because the IRS had disallowed the deductions, the Bowles requested an Appellate Conference, the results of which involved a remand of the case to the local IRS office. Though the local IRS agent determined that the vineyard constituted a minor business and that New York was the Bowles' appropriate tax home, he once again denied that the expenses were refundable business expenses, finding instead that they were per-sonal expenses. At a final Appellate Conference, the Appeals Officer found in the government's favor. Consequently, the Bowles paid the assessed additional taxes and filed amended returns, claiming refunds for each year. The IRS disallowed the Bowles' claims for refund, and subsequently the Bowles filed this action.

To obtain litigation costs in a civil action against the United States for a tax refund, the plaintiffs must meet the requirements of 26 U.S.C. § 7430. Specifically, the plaintiffs must show that they have exhausted the available administrative remedies before filing suit, *id.* at (b)(2), that they are the "prevailing party" in the litigation, *id.* at (a)(2), and finally that the costs incurred were "reasonable," *id.* The court will address these requirements *seriatim* to determine whether an award of costs and fees is appropriate.

### II. Exhaustion of Administrative Remedies

█ The parties disagree as to the necessary steps for fulfilling the exhaustion requirement of 26 U.S.C. § 7430(b)(2). The United States contends that the Bowles did not meet the exhaustion requirement of § 7430 because they did not pursue to fruition the administrative review procedure. The plaintiffs contend, however, that their action was sufficient to meet the definition of exhaustion given in Treasury Regulation § 301.7430–1, which defines exhaustion in terms of whether an Appeals office conference is available.[1] Before they brought this action in federal court, the Bowles maintain, they attended an Appellate Conference and thus they had adequately exhausted their administrative remedies.[2]

Regulation § 301.7430–1 was adopted nearly a year after the Bowles filed this action; therefore, they obviously did not

---

**1.** Regulation § 301.7430–1(b) states, "A party has not exhausted its administrative remedies available within the Internal Revenue Service with respect to any tax matter for which an Appeals office conference is available ... unless —(i) The party, prior to filing a petition in the Tax COurt or a civil action for refund in a court of the United States—(A) Participates, either in person or through a qualified representative ... in an Appeals office conference; and (B) Agrees

... to extend the time for an assessment of tax if necessary to provide the Appeals office with a reasonable time period to consider the tax matter."

**2.** The plaintiffs further direct the court's attention to § 301.7430–1(g), Example (2), which gives a situation very similar to their own as an illustration of adequate exhaustion.

rely on it to determine that they had met the exhaustion requirement before filing suit. Nonetheless, the court believes that the regulation gives appropriate guidance in considering whether the Bowles sufficiently pursued administrative relief. The court finds that in their pursuit of tax relief, the Bowles did exhaust the available administrative remedies to the extent which § 7430 requires.

### III. The Prevailing Party

■ The second issue before the court[3] is whether the Bowles are the "prevailing party" in the litigation. Section 7430(c)(2)(A)(i) provides that in order for a party to have "prevailed," it must establish "that the position of the United States in the civil proceeding was unreasonable."[4] The Bowles claim that the government was unreasonable throughout the litigation of the case.

The legislative history of section 7430(c)(2) suggests that, in determining whether the government was unreasonable in the litigation, the court consider (1) whether the government sought unjustified concessions from the taxpayer; (2) whether the government's purpose was to harass or embarrass the taxpayer, or was politically motivated; and (3) other factors the court finds relevant. H.R.Rep. No. 404, 97th Cong., 1st Sess., at 12 (1981).

The court has considered the parties' allegations and denials regarding the reasonableness of the government's positions throughout the litigation. An examination of the record reveals that the government did not force the Bowles to make any concessions, nor did it harass the Bowles. The court further finds that no other relevant factors support the Bowles' claim that the government acted unreasonably.

The plaintiffs note several possible abuses by the government, one of which in-

volved its position on the Bowles' "tax home." During the auditing process, the IRS maintained the position that, even though New York was the appropriate tax home, the expenses incurred while traveling to Charlottesville were nondeductible because of their personal nature. On the eve of trial, however, the government asserted that Charlottesville, not New York, was the Bowles' "tax home" and consequently the Charlottesville expenses did not meet the "while away from home" requirement of § 162(a)(2). That the government prevailed on this issue at trial, as well as the plaintiffs' subsequent—and successful—reliance on the tax home ruling in claiming refunds based on a Charlottesville tax home, indicates that the position was not unreasonable. Although the fourth circuit found that the government's reversed position on this issue surprised the Bowles at trial, *Bowles v. United States*, 820 F.2d 647, 650 (4th Cir.1987), that decision does not indicate that the government's position was abusive or unreasonable.

Nor was the government's refusal to give the Bowles a refund based on a Charlottesville tax home untenable. This court upheld the government's denial of the Bowles' claim for a refund based on a Charlottesville tax home. On appeal, the fourth circuit found that the IRS "waived its right to object to the Bowles responding to its new defense by asserting that Charlottesville was their tax home" after the deadline by which the Bowles would have to file any new refund claims. *Id.* at 649–50. The appellate court's opinion does not necessarily mean that the government had no reasonable basis for its position, however.

At the hearing before the magistrate to determine the Bowles' tax liability based on a tax home in Charlottesville, the government argued that the claimed expenses were commuting expenses and consequent-

---

**3.** Section 7430 states, "Any determination under subparagraph (A) as to whether a party is a prevailing party shall be made—(i) by the court, or (ii) by agreement of the parties." 26 U.S.C. § 7430(c)(2)(B). Because the parties disagree as to who prevailed, the court must decide.

**4.** The statute also requires that the party substantially prevail "with respect to the amount in controversy" or "with respect to the most significant issue or set of issues presented." § 7430(c)(2)(A)(ii). The United States has conceded that the plaintiffs substantially prevailed with respect to the amount in controversy.

ly nondeductible. Based on the United States Supreme Court decision *Commissioner v. Flowers*, 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203 (1946), the magistrate agreed with the government on this issue. Once again, the government had sufficiently reasonable bases for its position.

Despite the fact that the government prevailed in front of the magistrate, the Bowles ultimately received a refund. Their long-awaited victory did not result from a judicial ruling against the government's position, however, but from the fact that the government finally "gave up the ghost" and chose not to pursue the case further when the plaintiffs appealed the magistrate's decision. This failure to contest the appeal of the magistrates' determination that the expenses were nondeductible does not indicate that the government thought its position invalid. The litigation had already spanned a number of years, and the government's asserted policy reasons for not further pursuing the matter, despite its advantageous position at the time it withdrew, indicate reasonable grounds for its behavior.

Although the court admittedly finds it unreasonable that this litigation has lasted for so long and expended so many resources, it cannot blame the government any more so than it can blame any other entity involved. Having considered all of the plaintiffs' contentions that the government acted unreasonably, the court finds that the government was not unreasonable in its litigation of this case. Because the plaintiff has failed to meet this requirement, the court need not inquire as to whether the costs incurred were reasonable. Accordingly, the court denies the plaintiff's motion to award costs and attorney's fees. An appropriate order shall issue.