Michael E. BOWLES; Lynn G. Bowles, Plaintiffs–Appellants,

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 90–2185.

United States Court of Appeals, Fourth Circuit.

Argued June 3, 1991.

Decided Oct. 9, 1991.

---

Douglas Edward Little, Robert M. Musselman & Associates, Charlottesville, Va., argued for plaintiffs-appellants.

David Arthur Hubbert, Tax Div., U.S. Dept. of Justice, Washington, D.C., argued (Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen, Gilbert S. Rothenberg, Tax Div., U.S. Dept. of Justice, Washington, D.C., E. Montgomery Tucker, U.S. Atty., Roanoke, Va., on brief), for defendant-appellee.

Before ERVIN, Chief Judge, and SPROUSE and WILKINS, Circuit Judges.

## OPINION

WILKINS, Circuit Judge:

Michael E. and Lynn G. Bowles appeal an order of the district court denying their motion for an award of costs and attorney's fees pursuant to section 7430 of the Internal Revenue Code. I.R.C. § 7430 (1982). Concluding that the district court did not abuse its discretion in determining that the position of the government in this civil proceeding was not unreasonable, we affirm.

### I.

Appellants are a married couple who were employed by Pan American World Airways. They were assigned to duty in New York City and maintained a residence there. They also maintained a residence in Charlottesville, Virginia where they operated a vineyard and commercial winery. For tax purposes they declared New York to be their home and the winery to be a trade or business. On their federal income tax returns for 1977, 1978, and 1979, they deducted transportation expenses between New York and Charlottesville as well as meals and lodging expenses incurred in Charlottesville. They asserted that these deductions were made pursuant to section 162(a) of the Internal Revenue Code that provides a deduction for travelling expenses incurred "while away from home in the pursuit of a trade or business." I.R.C. § 162(a)(2) (1991). Following a disallowance of these deductions, appellants paid resulting additional taxes owed and then claimed a refund for each year.

After the government denied their refund claims on the ground that the deductions were personal expenses not incurred in the pursuit of business, appellants instituted this action in federal district court.

Appellants and the government agreed that New York City was appellants' home for tax purposes; however, the government contended that expenses incurred while traveling to Charlottesville were nondeductible personal expenses. Shortly before trial, the government changed its position by asserting that Charlottesville was appellants' "tax" home and the expenses did not meet the "while away from home" requirement of section 162(a)(2). The district court dismissed appellants' complaint, adopting the government's position.

The district court later reinstated the action sua sponte and directed the parties to consider the effect of its ruling that Charlottesville was appellants' tax home. Appellants then sought to deduct their expenses for meals and lodging in New York, as well as their travel expenses between Charlottesville and New York, on the ground that they were incurred while away from their Charlottesville home. The government filed a motion to dismiss for lack of jurisdiction, contending that appellants had not previously claimed Charlottesville as their tax home and were precluded from asserting a new claim on this basis. The court granted this motion and entered an order again dismissing the action, finding that appellants' new theory had not been asserted in the claims for refund originally filed. *Bowles v. United States*, 642 F.Supp. 159 (W.D.Va.1986), *rev'd*, 820 F.2d 647 (4th Cir.1987). On appeal this court held that the last minute change of position by the government surprised appellants at trial, that the government waived its right to object to appellants' claims for deductions based on a Charlottesville tax home, and that the district court erred in dismissing the suit for lack of jurisdiction. *Bowles v. United States*, 820 F.2d 647, 649–50 (4th Cir.1987).

On remand to the district court, a federal magistrate judge conducted a hearing to determine appellants' tax liability based on a Charlottesville tax home. The magistrate judge ruled in favor of the government and denied appellants' claims for deductions, concluding that the expenses were not business expenses but were commuting expenses resulting from appellants'

personal decision to live in Virginia. While appellants' objection to the magistrate judge's report and recommendation was pending before the district court, the government notified the court that for policy reasons it would allow the deductions provided adequate substantiation was supplied. The district court referred the matter back to the magistrate judge with instructions to determine whether appellants were able to substantiate their expenses. The government stipulated to the lodging and travel expenses but opposed allowance of the majority of meal and taxi expenses. The magistrate judge entered a report and recommendation in favor of appellants on the conceded expenses but found in favor of the government on those contested.

Appellants then filed a motion for an award of costs and attorney's fees. In denying the motion, the district court concluded that the position of the government was not unreasonable and did not involve harassment or an attempt to extract unwarranted concessions from appellants. *Bowles v. United States*, 743 F.Supp. 453 (W.D.Va.1990). It also found that the decision of this court, while favorable to appellants, did not indicate that the position of the government was abusive or unreasonable. It further concluded that appellants did not prevail as a result of a judicial ruling against the government but rather because the government voluntarily elected not to engage in further litigation. It accepted the government's explanation that even though it had prevailed before the magistrate judge, policy reasons dictated that this protracted litigation already spanning a number of years be ended.

## II.

A "prevailing party may be awarded a judgment for reasonable litigation costs incurred in" any civil proceeding "brought by or against the United States in connection with the determination, collection, or refund of any tax." I.R.C. § 7430(a). "Prevailing party" means a party that:

(i) establishes that the position of the United States in the civil proceeding was unreasonable, and

(ii)(I) has substantially prevailed with respect to the amount in controversy, or (II) has substantially prevailed with respect to the most significant issue or set of issues presented.

I.R.C. § 7430(c)(2)(A) (1982). Because the government concedes that appellants "substantially prevailed with respect to the amount in controversy," the only question presented is whether the district court erred in determining that the position of the government in this proceeding was not "unreasonable." *Id.* Our review of this issue is governed by an abuse of discretion standard. *Zinniel v. Commissioner*, 883 F.2d 1350, 1354–55 (7th Cir.1989), *cert. denied,* — U.S. ——, 110 S.Ct. 1805, 108 L.Ed.2d 936 (1990).

The term "unreasonable" is not defined in section 7430. However, it has essentially the same meaning as a provision of the Equal Access to Justice Act that allows an award of fees and costs unless a court determines that the position of the government was "substantially justified," 28 U.S.C.A. § 2412(d)(1)(A) (West Supp.1991).* *United States v. Balanced Fin. Management, Inc.*, 769 F.2d 1440, 1451 n. 12 (10th Cir.1985); *cf. Sher v. Commissioner*, 89 T.C. 79 (1987) ("substantially justified" test of amended section 7430 not a departure from previous reasonableness standard), *aff'd on other grounds*, 861 F.2d 131 (5th Cir.1988); *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2549, 101 L.Ed.2d 490 (1988) (EAJA "substantially justified" standard means reasonable basis in law and fact). Additionally, the legislative history of section 7430 sets forth some factors a court may consider in determining whether the position of the government was unreasonable:

(1) whether the government used the costs and expenses of litigation against its position to extract concessions from the taxpayer that were not justified under the circumstances of the case, (2) whether the government pursued the litigation against the taxpayer for purposes of harassment or embarrassment, or out of political motivation, and (3) such other factors as the court finds relevant.

*In re Testimony of Arthur Andersen & Co.*, 832 F.2d 1057, 1060 (8th Cir.1987) (quoting *Kaufman v. Egger*, 584 F.Supp. 872, 878 (D.Me.1984), *aff'd*, 758 F.2d 1 (1st Cir.1985)). These factors, with "all the facts and circumstances surrounding the proceeding," provide guidance to the court. *In re Arthur Andersen*, 832 F.2d at 1060.

■■■ Although the government did change its position about which residence was appellants' tax home, our inquiry is appropriately focused on whether there was legal and factual support for the government's position. The government claimed in the proceedings below that appellants' expenses were nondeductible, citing *Commissioner v. Flowers*, 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203 (1946), as support for this position, and both the magistrate judge and the district court agreed. *See United States v. Harvis Constr. Co.*, 857 F.2d 1360 (9th Cir.1988) (position reasonable if not without some legal support). Although appellants ultimately prevailed because the government did not contest appellants' objections to the report and recommendation of the magistrate judge that was entirely favorable to the government, a failure to prevail in the underlying litigation does not mandate a determination of unreasonableness. *See Huckaby v. United States Dep't of Treasury*, 804 F.2d 297, 299 (5th Cir.1986); *cf. Pierce*, 487 U.S. at 568, 108 S.Ct. at 2552 ("unfavorable terms of a settlement agreement ... cannot conclusively establish the weakness of the Government's position").

Because we cannot say that the district court abused its discretion in denying ap-

---

\* Although the version of section 7430 in effect at the time of the institution of this action in 1983 provides for an award of costs if the position of the government was unreasonable, the statute has subsequently been amended and now provides for an award of costs to a prevailing party who "establishes that the position of the United States ... was not substantially justified." I.R.C. § 7430(c)(4)(A)(i) (1989).

pellants' motion, its ruling must remain undisturbed.

AFFIRMED.