KM SYSTEMS, INC., Plaintiff; Counter Defendant,

v.

UNITED STATES of America, Defendant; Counter Claimant

No. CIV.A. 02–4567(FLW).

United States District Court, D. New Jersey.

Jan. 25, 2005.

Paul R. Fitzmaurice, Pelino & Lentz, P.C., Philadelphia, PA, for Plaintiff; Counter Defendant.

Lindsey W. Cooper, U.S. Dept. of Justice, Washington, DC, for Defendant; Counter Claimant.

## ORDER

WOLFSON, District Judge.

 This matter having been opened to the Court by Paul R. Fitzmaurice, counsel to KM Systems, Inc. ("Plaintiff" or "KM Systems"), seeking to recover a total of $58,129.41 in attorneys' fees and costs pursuant to 26 U.S.C. § 7430 (" § 7430"), and the Court, having previously granted summary judgment on Plaintiff's claim that it had a reasonable basis for treating its cable installers as independent contractors in accordance with the safe harbor provision of Section 530(a)(2)(C) of the 1978 Internal Revenue Code ("Section 530"), and having considered the moving, opposition and reply papers, and having heard oral argument on January 21, 2005, and it appearing that:

1. § 7430 provides for the award of reasonable administrative and litigation costs, including attorneys' fees, under certain circumstances. *See* 26 U.S.C. § 7430. The Supreme Court has stated that a request for attorneys' fees should not result in a second major litigation. *Pierce v. Underwood*, 487 U.S. 552, 563, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). When deciding a request for such costs, the district court has considerable discretion in determining whether the government's position was substantially justified and in determining the amount of the award. *See J & J Cab Service, Inc. v. U.S.*, 1998 WL 264736, at *2 (W.D.N.C. March 30, 1998) (citations omitted); *see also U.S. v. Scheingold*, 293 F.Supp.2d 447, 450 (D.N.J.2003). Thus, even if a plaintiff satisfies the statutory requirements, an award is not mandatory. *See McClellan v. U.S.*, 900 F.Supp. 101, 104 (E.D.Mich. Sept.12, 1995); *see also Zinniel v. Commissioner*, 883 F.2d 1350, 1355 (7th Cir.1989) (noting that the statute "authorizes, rather than commands, the court to make an award ... for reasonable litigation costs.").

2. To be entitled to attorneys' fees, the moving party must also be a prevailing party. *See* 26 U.S.C. § 7430(a). In the instant matter, the Government concedes that Plaintiff is the prevailing party within the meaning of the statute.[1] *See* Def. Opp. at 4. The statute, however, provides that "a party shall not be treated as the prevailing party in a proceeding ... if the United States establishes that [its] ... position in the proceeding was substantially justified." 26 U.S.C. § 7430(c)(4)(B)(i). Under the statute, the United States has the burden of showing that its position was substantially justified.[2] *See Pierce*, 487 U.S. at 565, 108 S.Ct. 2541 (interpreting phrase "substantially justified" for purposes of closely-related Equal Access to Justice Act, 28 U.S.C. § 2412(d) to mean justified to a degree that would satisfy a reasonable person). The fact that the government loses the underlying litigation is not dispositive of the determination that its position had no reasonable basis in law and fact. Rather, that fact remains a factor for the Court's consideration. *See Pierce*, 487 U.S. at 566 n. 2, 108 S.Ct. 2541; *Gibbs v. U.S.*, No. 96–685, 1998 WL 226773 at *2 (D.N.J. Jan. 14, 1998); *Bowles v. U.S.*, 947 F.2d 91, 94 (4th Cir.1991); *Phillips v. Comm'r of Internal Revenue*, 851 F.2d 1492, 1499 (D.C.Cir.1988); *Snyder v. U.S.*, 25 F.Supp.2d 777, 780 (E.D.Mich.1998) (finding that government's position was substantially justified even though its "position may not have been correct."); *But see J&J Cab Service*, 1998 WL 264736 at *3 (stating that government's loss at summary judgment stage "does reveal something regarding the merits of the government's position."). The legislative history of § 7430 sets forth some factors a court may consider in determining whether the position of

---

[1] Furthermore, the Government does not dispute the amount of attorneys' fees and costs requested by Plaintiff. According to the Government, the only issue is whether Plaintiff is entitled to such costs at all under § 7430. *See* Def. Opp. at 4 n. 2.

[2] The Government concedes that the United States has this burden. *See* Def. Opp. at 1–2.

the government was unreasonable: (1) whether the government used the costs and expenses of litigation against its position to extract concessions from the taxpayer that were not justified under the circumstances of the case, (2) whether the government pursued the litigation against the taxpayer for purposes of harassment or embarrassment, or out of political motivation, and (3) such other factors as the court finds relevant. *Bowles*, 947 F.2d at 94; *J&J Cab Service*, 1998 WL 264736 at *2. Thus, the court is permitted to "step back and take an overall view of the government's conduct in deciding an award under Section 7430." *J&J Cab Service*, 1998 WL 264736 at *2.

3. In this matter, the determination of whether the Government's position was substantially justified must be made at two stages: at the administrative stage when Plaintiff sought a refund of the taxes assessed against it for the 1992–1993 tax years, and at the litigation stage where Plaintiff asserted that it was entitled to Section 530 relief. *See J&J Cab Service*, 1998 WL 264736, at *6 (finding that government's position was not substantially justified during both administrative proceeding and litigation stage); *Nicholson v. Comm'r of Internal Revenue Service*, 60 F.3d 1020, 1026 (3d Cir.1995) (analyzing whether IRS's position substantially justified at time it assessed deficiency against taxpayers and also in underlying litigation); *McClellan*, 900 F.Supp. at 107 (finding that government's position not substantially jus-

tified because taxpayer provided surveys to IRS prior to its request for refund).

4. At the administrative proceeding and in connection with its attempt to obtain a refund in 2002, Plaintiff submitted to the Government a fourteen page submission, the majority of which dealt with an analysis of whether cable installers can be classified as employees under the common law.[3] *See* Pl. Mot. Fees and Costs, Ex. B. However, with respect to Plaintiff's reasonable reliance argument under Section 530, this Court cannot find that the Government was not substantially justified in denying Plaintiff's request for a refund and proceeding with the case based on the information supplied by Plaintiff. For example, in its fourteen page submission to the IRS, Plaintiff stated that Francis Knoll ("Knoll"), one of Plaintiff's founders, worked as a cable installer at a company called CIS and performed services for "various [s]ystems in Pennsylvania, New Jersey, Maryland and Delaware." *Id.* at 1. Plaintiff claimed that Knoll was treated as a independent contractor during this time. *Id.* In addition, Plaintiff submitted that Pat Watson ("Watson"), Plaintiff's other founder, worked at NYT Cable Systems during the relevant time period and also had "experience in the cable industry in the four state area ...." *Id.* However, neither CIS nor NYT Cable Systems existed in 2002, when Plaintiff sought the refund, and Plaintiff did not identify any specific cable installers in Pennsylvania,

---

**3.** At the summary judgment stage, this Court did not reach Plaintiff's common law argument because it determined that Plaintiff had sufficiently demonstrated that it met the safe harbor provision of Section 530.

New Jersey, Maryland or Delaware who could attest to the practice of the cable installation industry treating installers as independent contractors.[4] Thus, the factual information provided to the Government at the administrative stage consisted merely of statements by the taxpayers about the practices of cable installation companies, which the Government could not contact to verify, along with Plaintiff's vague statement that it did not know of any other cable installation company that treated its cable installers as employees. *See id.* Based on these submissions, the Court finds that the Government had a reasonable basis for proceeding in this matter.

5. Plaintiff's counsel asserted during oral argument that the Government could have sought out more information about the industry practice because shortly after 1993, Plaintiff provided the IRS with the identities of several of its cable installers in its 1099 tax forms. *See* Unoff. Tr. Oral Arg. dated Jan. 21, 2005, at 14. The Court finds this argument unpersuasive. First, Plaintiff did not identify that these cable installers worked for other cable installation companies and could testify about their experiences as independent contractors at such companies. Second, while Plaintiff states that the Government "had access to all of the cable installers" by virtue of the 1099 tax forms, it was not the Government's burden, at that stage, to conduct the investigative work on behalf of Plaintiff. While the Court recognizes that Section 530 is to be liberally construed in favor of the taxpayer, *see* Rev. Proc. 85–18 § 3.01(c); *McClellan,* 900 F.Supp. at 104–05; *Overeen v. U.S.,* No. 90–1920, 1991 WL 338327, at *3 (W.D.Okla. Sept. 4, 1991), it still remains the taxpayer's burden to show reasonable reliance on a long-standing industry practice. *See* Section 530(a)(2)(C); 26 U.S.C. § 3401 note. Therefore, based on the information that Plaintiff provided to the Government in 2002, the Government had a reasonable basis, at least at the administrative stage, in pursuing this matter.

6. At the litigation stage of the case, the Government's main contention was that Plaintiff's reliance on its founders' past personal experiences was insufficient to satisfy the burden of proof under Section 530. During the litigation, several cable installers testified at depositions that they were treated as independent contractors at their previous places of employment. *See KM Systems, Inc. v. U.S.,* 2004 WL 1386371, at *7 (D.N.J. May 10, 2004). The Court previously found that the testimony of these cable installers corroborated the founders' understanding of the industry practice and supported the inference that Plaintiff reasonably relied on the founders' and Plaintiff's cable installers' understanding of the practice of treating cable installers as independent contractors. *See id.* at *3. Despite this finding, however, for the Court to now find that Plaintiff is entitled to fees and costs under § 7430, it must determine that the Government had

---

4. Plaintiff's counsel admitted as much during the oral argument. *See* Unoff. Tr. Oral Arg. dated Jan. 21, 2005, at 10–11.

no reasonable basis in law or fact to pursue the matter at the litigation or summary judgment stages. After careful review of the record and hearing the parties' positions during oral argument, this Court finds that the Government was substantially justified in proceeding with the litigation.

7. The Government's main argument is that Plaintiff did not sufficiently demonstrate reasonable reliance on a long-standing industry practice. *See* Def. Opp. at 6–8; *see also* Unoff. Tr. Oral Arg. dated Jan. 21, 2005, at 19–21, 26–28. In support of this argument, the Government claims that it attempted to contact Starview, one of the two companies that Knoll claimed that he relied on when deciding to treat Plaintiff's cable installers as independent contractors. However, the Government was unable to find Starview, most likely because it was no longer in existence at the start of this litigation. *See* Unoff. Tr. Oral Arg. dated Jan. 21, 2005, at 19. Furthermore, while Knoll claimed that he also relied on the practices of Prince Cable, the Government asserts that Prince Cable was formed only a few months before KM Systems was formed in 1987. Thus, the Government contends that the practices of Prince Cable could not have constituted a long-standing industry practice as required by Section 530 and that Plaintiff's reliance on such practices was unreasonable. *See id.* at *7. Because Section 530 calls for "reliance" on a long-standing industry practice, the Court finds that it was reasonable, given these facts, for the Government to conclude that there was insufficient evidence of reliance and that Plaintiff did not meet the Section 530 requirements because it was relying merely on the personal experiences of Knoll and Watson.

8. Furthermore, the Court cannot find that the Government's interpretation of the applicable case law was unwarranted because the law was not directly on point with the facts of this case. For instance, several courts have considered a taxpayer's personal experience as insufficient evidence of the "long-standing recognized practice of a significant segment of the industry" within the meaning of Section 530. *See Day v. Commissioner*, 2000 WL 1839398, 80 T.C.M. (CCH) 834 (2000); *West Virginia Personnel Services v. U.S.*, No. 94–0604, 1996 WL 679643, at *9 (S.D.W.Va. Sept. 16, 1996); *Moore v. U.S.*, No. 91–76, 1992 WL 220913, at *8 (W.D.Mich. June 29, 1992). In this matter, however, the Court took a broader view of what constitutes "personal experience" for the purpose of Section 530 relief, particularly in light of the fact that the safe harbor provision of Section 530 is to be liberally construed in favor of the taxpayer. Plaintiff's founders had a breadth of personal knowledge based upon their experiences with other cable installation companies which was fleshed out during discovery. The Government may have taken a more limited view of what constitutes "personal experience" under Section 530; however, such a position did not ignore or run contrary to any well-settled proposition or law. Thus, based on the case law and the uncertainty surrounding when Plaintiff discovered that its cable installers worked at other companies that treated them as independent contractors, the Court finds

that it was reasonable for the Government to pursue the litigation. It is a lawyer's responsibility to make certain decisions on how to interpret the law and balance the facts with the standards required by such law. Here, the Government's narrower, but not clearly erroneous, view on what constitutes "reasonable reliance" and "personal experience" under Section 530 does not mean that its position at the outset of this litigation was not substantially justified. Accordingly,

IT IS on this 25th day of January, 2005,

**ORDERED** that Plaintiff's motion for attorneys' fees and costs is **DENIED**.