BRORBY, Circuit Judge.
 

 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.
 
 See
 
 Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9 The cause is therefore ordered submitted without oral argument.
 

 The pivotal question presented by this appeal is whether a bankruptcy court is a “court” under the Equal Access to Justice Act (EAJA).
 

 This appeal was born before a bankruptcy court. The United States Department of Energy (DOE), an unsecured creditor, filed a motion to enforce a reorganization plan and alternatively, to convert the bankruptcy from a Chapter 11 to a Chapter 7 proceeding. The bankruptcy court denied this motion.
 

 Debtor then requested costs and attorney fees under the EAJA (28 U.S.C. § 2412(d)(1)(A)). After a hearing, the bankruptcy court found that DOE’s position was not substantially justified and no special circumstances existed which would make any award unjust. Debtor was awarded fees and costs.
 

 DOE appealed this decision to the district court contending: (1) the bankruptcy court lacks jurisdiction to award costs and fees under the EAJA; (2) the debtor was not an “eligible party” under the EAJA and thus had no standing; and (3) there was a reasonable basis at law for DOE’s litigation position.
 

 The district court reversed. Relying on the Eleventh Circuit’s decision in
 
 In re Davis,
 
 899 F.2d 1136 (11th Cir.),
 
 cert. denied,
 
 — U.S. -, 111 S.Ct. 510, 112 L.Ed.2d 522 (1990), the district court held that “a court” under the EAJA does not include non-Article III courts; therefore, the bankruptcy court lacked jurisdiction to award costs and fees under the EAJA. The district court did not address DOE’s remaining two issues.
 

 Debtor appeals. The sole issue presented is whether a bankruptcy court lacks jurisdiction to make awards under the EAJA, or, stated somewhat differently, whether a bankruptcy court is “a court” under 28 U.S.C. § 2412(d)(1)(A).
 

 At present, the Eleventh Circuit Court of Appeals is the only circuit to have addressed this issue directly. In
 
 Davis,
 
 and more recently in
 
 In re Brickell Inv. Corp.,
 
 922 F.2d 696 (11th Cir.1991), that court held that bankruptcy courts do not have jurisdiction to award fees under 28 U.S.C. § 2412(d)(1)(A). The jurisdictional issue in
 
 Davis
 
 and
 
 Brickell
 
 was controlled, however, by an earlier decision in
 
 Bowen v. Commissioner of Internal Revenue,
 
 706 F.2d 1087 (11th Cir.1983), holding that the non-Article III tax court lacked jurisdiction to award EAJA fees.
 

 These restrictive interpretations of 28 U.S.C. § 2412(d)(1)(A) have two primary bases. First, the Eleventh Circuit relied on language in § 2412(d)(1)(A) that allows a court to award those “costs” enumerated in 28 U.S.C.1920. While the provision in question refers to “any court,” a phrase not defined in the statute, § 1920 uses the phrase “any court of the United States,”
 
 [1]
 
 defined in § 451 as including specified courts, “the judges of which are entitled to
 
 *773
 
 hold office during good behavior.”
 
 [2]
 
 The Eleventh Circuit concluded that jurisdiction to award fees under the EAJA is therefore limited to Article III courts. Second, the Eleventh Circuit relied on limited legislative history pertaining to § 2412(b), which also employs the phrase “any court,” to conclude that only those courts defined in § 451 are empowered to award fees under section 2412(d)(1)(A).
 
 Davis,
 
 899 F.2d at 1189 (citing H.R.Rep. No. 96-1418, 96th Cong., 2d Sess. 17,
 
 reprinted in
 
 1980 U.S.Code Cong. & Admin.News 4953, 4984, 4996.)
 

 We begin our inquiry with an examination of the EAJA.
 
 [3]
 
 The overall purpose of this statute is to place the private litigant and the United States on equal footing as regards the award of costs to the prevailing party in litigation involving the government.
 
 [4]
 
 The provision in question clearly permits “a court” to award attorney fees and costs against the United States in “any civil action ... in any court having jurisdiction of that action,” under certain conditions not in dispute in the case before us.
 

 When called upon to interpret a statute, the court must first examine the statutory language itself.
 
 United States v. Turkette,
 
 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981);
 
 Wilson v. Stocker,
 
 819 F.2d 943, 948 (10th Cir.1987). When the language of the statute is clear and unambiguous, judicial inquiry is complete and that language controls absent rare and exceptional circumstances.
 
 Rubin v. United States,
 
 449 U.S. 424, 430, 101 S.Ct. 698, 701, 66 L.Ed.2d 633 (1981);
 
 Wilson,
 
 819 F.2d at 948. A court should venture into the thicket of legislative history only when necessary to determine “a statutory purpose obscured by ambiguity.”
 
 Burlington Northern R.R. Co. v. Oklahoma Tax Comm’n,
 
 481 U.S. 454, 461, 107 S.Ct. 1855, 1860, 95 L.Ed.2d 404 (1987). We find no such circumstances here. The purpose of the EAJA is clear and the language “any court having jurisdiction of that action,” is plain, simple, and unambiguous. We therefore decline to follow the Eleventh Circuit’s analysis and instead look to the plain meaning of the language to determine the jurisdictional scope of § 2412(d)(1)(A).
 

 The term “court” is generally defined in its plain, ordinary, and every day meaning as “[a] person or group of persons whose task is to hear and submit a decision on cases at law.”
 
 Webster’s II New Riverside University Dictionary.
 
 While courts may be classified according to their means of creation as either constitutional (Article III) or legislative (i.e., Bankruptcy), Congress chose not to modify the word “court” when it drafted 28 U.S.C. § 2412(d)(1)(A). Had it meant to restrict the use of this provision to constitutional courts, Congress could have done so. The broad language employed by Congress, in its ordinary usage, would include the bankruptcy court.
 

 We also think it significant that the phrases utilized in § 2412(d)(1)(A) are simply “a court” and “any court” as opposed to the phrase “court of the United States” as used in § 1920 and defined in § 451. The reference in § 2412(d)(1)(A) to § 1920 clearly enumerates only the types of costs that can be awarded under this provision,
 
 *774
 
 not the types of courts having jurisdiction over EAJA awards. Any attempt to splice the jurisdictional phraseology of § 1920 onto § 2412(d)(1)(A) violates the plain and unambiguous meaning of “any court.” Again, had Congress meant to limit jurisdiction under § 2412(d)(1)(A) to “any court of the United States,” it could have done so. Rather, the plain and unambiguous statutory language gives “any court,” including the bankruptcy court, the power to make a fee award under the EAJA.
 

 Our conclusion is consistent with the undisputed purpose of the EAJA to encourage individuals and small businesses to challenge adverse government action notwithstanding the high cost of civil litigation. Unlike the many specialized statutes enacted to authorize the award of attorney fees,
 
 [5]
 
 the EAJA applies generally to a wide range of cases. The breadth of the EAJA is evidenced by its second prong codified at 5 U.S.C. § 504. This section grants administrative agencies the authority to award fees and costs arising from an adversary agency adjudications.
 
 [6]
 
 Granting bankruptcy courts jurisdiction under the plain language of § 2412(d)(1)(A) is therefore congruous with the statutory scheme
 
 [7]
 
 and furthers the statutory purpose by placing the initial determination of whether fees are warranted with the forum most familiar with the merits of the action.
 

 Our conclusion is also consistent with the principles of statutory construction applied by this court in
 
 In re Skinner,
 
 917 F.2d 444 (10th Cir.1990). In that case, as in the present case, statutory interpretation was necessary to determine the scope of the bankruptcy court’s powers. In
 
 Skinner
 
 we were called upon to determine whether bankruptcy courts have jurisdiction to enter sanctions against a party for civil contempt. In holding the bankruptcy court does have the statutory power under 11 U.S.C. § 105 to enter monetary sanctions for civil contempt we found, as we do here, no reason to read into the statute anything other than its plain meaning.
 
 Skinner,
 
 917 F.2d at 447.
 

 Other courts, by implication, have supported the jurisdiction of bankruptcy courts over EAJA applications. Most notably, the Fifth Circuit never questioned the jurisdiction of the bankruptcy court when it remanded
 
 In re Esmond,
 
 752 F.2d 1106 (5th Cir.1985), to the bankruptcy court to determine the issue of whether the Small Business Administration was substantially justified in filing an objection to the debtor’s bankruptcy discharge.
 
 See also In re Armstead,
 
 106 B.R. 405 (Bkrtcy.E.D.Pa.1989), and
 
 In re Hagan,
 
 44 B.R. 59 (Bkrtcy.D.R.I.1984).
 

 We conclude that the bankruptcy court is a “court” under the EAJA, 28 U.S.C. § 2412(d)(1)(A). The unambiguous language of that provision authorizes bankruptcy courts to make awards of costs and attorney fees in appropriate circumstances. The judgment of the United States District Court for the Western District of Oklahoma is REVERSED and the action is REMANDED for the district court to resolve the remaining substantive issues raised by the Department of Energy.
 

 [1]
 

 . 28 U.S.C. § 1920 reads:
 

 A judge or clerk of any court of the United States may tax as costs the following:
 

 (1) Fees of the clerk and marshal;
 

 (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
 

 (3) Fees and disbursements for printing and witnesses;
 

 (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
 

 (5) Docket fees under section 1923 of this title;
 

 (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
 

 A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.
 

 [2]
 

 . 28 U.S.C. § 451 reads:
 

 As used in this title:
 

 The term "court of the United States" includes the Supreme Court of the United States, courts of appeals, district courts constituted by chapter 5 of this title, including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior.
 

 [3]
 

 . 28 U.S.C. § 2412(d)(1)(A) reads:
 

 Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
 

 [4]
 

 . S.Rep. No. 1329, 89th Cong., 2d Sess.,
 
 reprinted in
 
 1966 U.S.Code Cong. & Admin.News 2527, 2528.
 

 [5]
 

 .
 
 E.g.,
 
 Freedom of Information Act, 5 U.S.C. § 552(a)(4)(E) (1988); Consumer Product Safety Act, 15 U.S.C. §§ 2060(c), 2072(a), 2073 (1988); Organized Crime Control Act, 18 U.S.C. § 2520(b)(3) (1988); Voting Rights Act of 1975, 42 U.S.C. § 19731(e) (1988); Civil Rights Attorney’s Fees Awards Act of 1976, 42 U.S.C. § 1988 (1988); Civil Rights Act of 1964, 42 U.S.C. §§ 2000a-3(b), 2000b-l, 2000e-5(k) (1988); Civil Rights Act of 1968, 42 U.S.C. § 3612(p) (1988).
 

 [6]
 

 . 5 U.S.C. § 504(a)(1) reads in relevant part:
 

 An agency that conducts an adversary adjudication shall award, to a prevailing party other than the United States, fees and other expenses incurred by that party in connection with that proceeding, unless the adjudicative officer of the agency finds that the position of the agency was substantially justified or that special circumstances make an award unjust.
 

 [7]
 

 .In
 
 Davis,
 
 the Eleventh Circuit acknowledged the incongruity of limiting EAJA jurisdiction under § 2412 to Article III courts in light of 5 U.S.C. § 504. However, the court was bound to that limitation by its prior decision in
 
 Bowen. Davis,
 
 899 F.2d at 1139-40 n. 7.