**In re Henry Robert GREWE and Cathy Ann Grewe, Debtors.**

**Henry Robert GREWE and Cathy Ann Grewe, Plaintiffs.**

v.

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 89–00930.
Adv. No. 92–5029.**

United States Bankruptcy Court,
N.D. West Virginia,
Wheeling Division.

Nov. 27, 1992.

Martin P. Sheehan, Wheeling, WV, for plaintiffs.

Patrick Flatley, Asst. U.S. Atty., Wheeling, WV, David C. Hickman, Tax Div., Dept. of Justice, Washington, DC, for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

L. EDWARD FRIEND, II, Bankruptcy Judge.

There are two issues which must be decided. The first is whether the issue of whether to award the debtors attorneys' fees must be decided under the Equal Access to Justice Act (28 U.S.C. § 2412) or the Internal Revenue Code (26 U.S.C. § 7430). The second is whether the Internal Revenue Service shall be held liable for an award of attorneys' fees to the debtors, Henry Robert Grewe and Cathy Ann Grewe, his wife.

### FACTS

The parties have stipulated the following facts: The debtors filed their voluntary Chapter 7 petition with this Court on November 20, 1989, and received a discharge of their debts on March 21, 1990. The case was closed on May 15, 1990. On or about February 25, 1992, the District Director of the Internal Revenue Service (hereinafter "I.R.S."), sent the debtors a Notice of Intention to Levy. The notice set forth that the I.R.S. intended to levy as a result of unpaid taxes for the tax period ending December 31, 1980. The I.R.S. was seeking the tax balance, including accumulated interest and penalty, totaling $26,666.02.

The Grewes' bankruptcy discharge included the subject taxes, including accumu-

lated interest and penalty. On March 25, 1992, the debtors moved the Bankruptcy Court to reopen their bankruptcy case, which motion was granted on April 3, 1992. On April 7, 1992, the Grewes filed this adversary proceeding and, on April 8, 1992, served the I.R.S. On April 13, 1992, the I.R.S. recorded a lien in Wood County, West Virginia. In lieu of filing an answer to the hereinbefore mentioned adversary proceeding, on May 20, 1992, the I.R.S. prepared a judgment in this matter conceding the correctness of the debtors' position. The I.R.S. has further agreed to remove the lien which it filed in 1992.

The debtors' motion for costs and attorneys' fees specifically requests an award of attorneys' fees in the amount of $2,964 and an expense reimbursement for $295. Because $240 has been prepaid, the debtors request a total award of $3,019.

## CONCLUSIONS OF LAW

■ Without this Court having to determine whether the matter at bar is a core proceeding (28 U.S.C. § 157(b)), the parties have agreed to allow this Court to make findings of fact and conclusions of law and to submit them to the District Court under 28 U.S.C. § 157(c)(1). Regardless of any conclusion which may have been set forth in the core proceeding issue, this Court must determine under which of two potentially applicable statutes the issue of whether or not to award debtors attorneys' fees must be decided.[1] The two potentially applicable statutes are 28 U.S.C. § 2412 or 26 U.S.C. § 7430. This Court concludes that, of the two statutes under consideration, the attorneys' fee issue should be decided within the penumbra of 28 U.S.C. § 2412.[2]

Section 7430 of the Internal Revenue Code applies to administrative or court proceedings brought in connection with the determination, collection, or refund of any tax, interest, or penalty under Title 26.[3] No proceeding in the case at bar was brought under Title 26. The proceeding in

---

1. That is to say, if this Court had addressed the core proceeding issue and had determined that, in fact, the matter at bar was a core proceeding, then this Court shall have had to determine the merits of the case. If this Court was required to determine the merits of the case, then it would have had to decide the same issues as those to which this Court herein makes findings of fact and conclusions of law.

2. Title 28 § 2412 reads as follows:
 (b) unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, ... to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States ... in any court having jurisdiction of such action....
 (d)(1)(A) ... a court shall award to a prevailing party ... fees and other expenses, ... incurred by that party in any civil action ..., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified....
 (2) for the purposes of this subsection—
 (A) "fees and other expenses" includes ... reasonably attorney fees.... [A]ttorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee....

(D) "position of the United States" means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based....

3. Internal Revenue Code § 7430 reads as follows:
 (a) **In general.**—In any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or settlement for ...
 (2) reasonable litigation costs incurred in connection with such court proceeding....
 (c) **Definitions.**—For purposes of this section—
 (1) **Reasonable litigation costs.**—The term "reasonable litigation costs" includes— ...
 (B) based upon prevailing market rates for the kind or quality of services furnished— ...
 (iii) reasonable fees paid or incurred for the services of attorneys in connection with the court proceeding, except that such fees shall not be in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for such proceeding, justifies a higher rate.
 (4) **Prevailing party.**—
 (A) **in general.**—The term "prevailing party" means any party in any proceeding to which subsection (a) applies ...

the case at bar is rooted in the I.R.S. violation of a § 524 discharge, not in the determination, collection, or refund of any tax. To find that the proceeding is one in connection with the determination, collection, or refund of any tax on the basis that the I.R.S. filed a notice of intention to levy regarding previously discharged taxes, would be to elevate form over substance. In substance, these proceedings were brought clearly within the purview of a Bankruptcy Code violation and not, as the I.R.S. filing connotes in form, in connection with the determination, collection, or refund of any tax.[4]

Moreover, as stated by the court in *In re Conti*, 42 B.R. 122, at 128 n. 3 (Bankr. E.D.Va.1984), "[a]n examination of ... code section [7430] reveals that it is intended to protect the IRS with regard to unauthorized disclosures of tax returns and return information. Nothing in the statute suggests that it would apply to violations of § 362 of Title 11 ... or that it was enacted to modify a litigant's rights pursuant to 28 U.S.C. § 2412(b)." Following that analysis, nothing in Internal Revenue Code § 7430 suggests that it would apply to violations of Bankruptcy Code § 524. All proceedings in the case at bar were

brought within the purview of Title 11, the Bankruptcy Code.

 Also, legislative history can often be a source of great assistance in interpreting various statutes or in determining the purpose or purposes for which they were created. When called upon to interpret a statute, a court must first examine the statutory language itself. *O'Connor v. U.S. Department of Energy*, 942 F.2d 771 (10th Cir.1991) (*citing United States v. Turkette*, 452 U.S. 576, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981)). When the language of the statute is clear and unambiguous, judicial inquiry is complete and that language controls absent rare and exceptional circumstances. *See O'Connor* at 773 (*citing Rubin v. United States*, 449 U.S. 424, 101 S.Ct. 698, 66 L.Ed.2d 633 (1981)). A court should venture into the thicket of legislative history only when necessary to determine a statutory purpose obscured by ambiguity. *See O'Connor* at 773 (*citing Burlington Northern Railroad Company v. Oklahoma Tax Commission*, 481 U.S. 454, 107 S.Ct. 1855, 95 L.Ed.2d 404 (1987)). The language of Title 28, § 2412 is clear and unambiguous. Thus, as to the interpretation of the statute, this Court's inquiry is complete. However, this Court will ven-

(i) which establishes that the position of the United States in the proceeding was not substantially justified ...
**(7) Position of United States.**—The term "position of the United States" means—
(A) the position taken by the United States in a judicial proceeding to which subsection (a) applies ...

4. There is much case law which demonstrates the kind of actions which clearly fall under Internal Revenue Code § 7430. *See generally Bowles v. United States of America*, 947 F.2d 91 (4th Cir.1991). Pursuant to Internal Revenue Code § 162, the taxpayers in *Bowles* took business deductions for traveling expenses. Following the I.R.S. disallowance of these deductions, the taxpayers paid additional taxes owed and then claimed a refund. The I.R.S. denied their refund claims on the ground that the deductions were personal expenses. The taxpayers instituted an action in federal district court. Shortly before trial, the I.R.S. changed its position. Adopting the new position of the I.R.S., the district court dismissed the taxpayers' complaint. *Sua sponte,* the district court later reinstated the action, but again dismissed the taxpayers. Upon the taxpayers' first appeal, the court held that the last minute change of posi-

tion by the I.R.S. surprised the taxpayers at trial and that the district court erred in dismissing the suit. On remand, a federal magistrate judge ruled in favor of the I.R.S. While the taxpayers' objection to the magistrate judge's report and recommendation was pending before the district court, the I.R.S. notified the court that it would allow the deductions, but would oppose other expenses. The magistrate judge entered a report and recommendation in favor of the taxpayers on the conceded deductions, but found in favor of the I.R.S. on the contested expenses. The taxpayers then filed a motion for an award of costs and attorneys' fees. Ultimately, the United States Court of Appeals for the Fourth Circuit decided the issue under Internal Revenue Code § 7430. *Id.* This Court notes that, in both form and substance, the matters which the court in *Bowles* decided, fell squarely within the parameters of Internal Revenue Code § 7430. *See also Kaufman v. Egger*, 758 F.2d 1 (1st Cir.1985); *Smith v. Brady*, 972 F.2d 1095 (9th Cir.1992); *Sher v. Commissioner of Internal Revenue*, 861 F.2d 131 (5th Cir.1988). *Contra United States of America v. McPeck*, 910 F.2d 509 (8th Cir.1990).

ture briefly into the statute's legislative history. One may glean from the legislative history of the EAJA that the overall purpose of the statute is to place the private litigant and the United States on equal footing as regards the award of costs to the prevailing party in litigation involving the government. *O'Connor v. U.S. Department of Energy*, 942 F.2d 771 (10th Cir.1991) (*citing* S.Rep. No. 1329, 89th Cong., 2d Sess., *reprinted in* 1966 U.S.C.C.A.N. 2527, 2528). Based upon the persuasiveness of the courts' analyses in *Conti* and *O'Connor*, rather than applying § 7430 of the Internal Revenue Code, this Court finds that Title 28, § 2412 of the United States Code applies here.

■ Even if 26 U.S.C. § 7430 applied here, the I.R.S. would have this court find that an award of attorneys' fees is not warranted. In making its determination, the I.R.S. looks to 26 U.S.C. § 7430(c)(7) which defines "position of the United States." The I.R.S. believes that its position was the one set forth in the stipulated judgment in which it agreed that the debtors' taxes were dischargeable and, therefore, because its position was the same as that of the debtors', they cannot claim that the I.R.S. position was not substantially justified. The I.R.S. concludes that, because the debtors cannot establish that the position of the I.R.S. was not substantially justified, they cannot be considered a prevailing party within the meaning § 7430(c)(4)(A), and, therefore, are not entitled to an award of costs or attorneys' fees. This Court does not agree. Because language substantially similar to that in 26 U.S.C. § 7430 exists in 28 U.S.C. § 2412, this Court will address the I.R.S. contention in more detail.[5]

This Court follows the analysis of the United States Court of Appeals for the First Circuit and that of the United States District Court for the Eastern District of Virginia. In *Kaufman v. Egger*, 758 Fed.2d 1 (1st Cir.1985), the taxpayers, as

individuals, were in dispute with the I.R.S. The Kaufmans had moved from their Illinois residence to Maine. Two years later, the Chicago district, having notice of the taxpayer's new address, sent a notice to the Kaufmans at their Chicago address that it would audit their 1978 tax return. The Kaufmans never received this notice. Consequently, they did not appear at the appointed time for the audit and the result was an assessment of a tax liability. In October, 1980, the I.R.S. mailed a notice of the tax liability to an address of another couple named David and Barbara Kaufman. Eleven days later, the I.R.S. acknowledged their error in a handwritten memo placed in the Kaufmans' file. During the same period, the I.R.S. was corresponding, regarding other matters, with the taxpayers at their Maine address. By 1983, the I.R.S. had connected the 1978 deficiency matter with the correct taxpayers. It then sent the Kaufmans, at their Maine address, a notice informing them that the I.R.S. was seizing a tax refund from their 1982 return as partial payment for their earlier deficiency. This notice was the first that the Kaufmans had received concerning this matter. Less than two weeks later, the Kaufmans had received yet another notice requesting payment. The Kaufmans instituted an action against the I.R.S. which then stipulated to the entry of a permanent injunction enjoining it from taking any steps to collect any taxes. The Circuit Court of Appeals considered the District Court's award of attorneys' fees to the Kaufmans.

The I.R.S. contended that § 7430 referred only to the governments in-court litigation position. The court in *Kaufman* acknowledged that courts, in determining whether to award attorneys' fees, are divided on the issue of whether to consider the term "civil proceeding" as including only litigation-related proceedings after a suit is initiated or whether it may also consider pre-litigation conduct. *Id.* at 3. The court in *Kaufman* held, and this Court concurs,

---

5. *See supra* n. 2 and n. 3.

that because it is in keeping with Congress's remedial bias in enacting § 7430, pre-litigation conduct should be considered in determining whether to award to a prevailing party, attorneys' fees.[6]

The court in *Kaufman* noted that the legislative history of § 7430 supported its proposition. Citing the STAFF OF SENATE COMMITTEE ON FINANCE, TECHNICAL EXPLANATION OF COMMITTEE AMED., 127 Cong.Rec. § 15587, 15594 (Dec. 16, 1981), the court noted that taxpayers who prevail in civil actions should be entitled to award when the United States has acted unreasonably in pursuing the case. *See Kaufman* at 4. Congress intended that the awarding of fees under § 7430 "will deter abusive actions and overreaching by the Internal Revenue Service and will enable individual taxpayers to vindicate their rights regardless of their economic circumstances." *Id.* (citing H.R.REP. No. 97–404, 97th Cong.2d Sess. 11 (1982); SEN. FINANCE COMM. REP., supra, at § 15594). The court in *Kaufman* noted that the quoted language appeared to suggest that Congress did not intend to dissuade taxpayers who, prior to filing a suit, were faced with unreasonable conduct by the I.R.S.. *See Kaufman* at 4. Finding that it would frustrate the purpose of § 7430 if it were to interpret it in such a way that the I.R.S., after causing a taxpayer all kinds of bureaucratic grief at the administrative level, could escape attorneys' fees liability by merely changing its tune after the initiation of a suit by the taxpayer, the court in *Kaufman* found that the I.R.S.'s bureaucratic mixup was unreasonable. *Id.* This Court agrees.

The United States District Court for the Eastern District of Virginia also considered the issue. *Sharpe v. United States of America*, 607 F.Supp. 4 (E.D.VA.1984), considered the issue in light of an estate tax problem. The court in *Sharpe* was persuaded that reasonable litigation costs under § 7430 included costs and fees incurred at the administrative level, in attempting to negotiate the claimed refund, in preparation of the protest letter, and in the claim for refund. *Id.* at 7. The court dealt with the I.R.S. contention that "position of the United States" meant the position adopted in the action before the court, and would necessarily preclude the award of any fees incurred at the administrative level. *Id.* The court found that argument unpersuasive. *Id.*

It also noted that a decision to award fees only in adversary adjudication reflects a desire to limit the award of fees to situations in which the participants have a concrete interest at stake, but nevertheless may be deterred from asserting or defending that interest because of the time and expense involved in pursuing administrative remedies. *Id.* at 8. "In these situations, in order to ensure that individuals will actively seek to protect their rights vis-a-vis the government, they must have the opportunity to recover the costs of litigating. An administrative remedy in these circumstances cannot be truly effective unless a prevailing party is made whole." *Id.* (citing H.R.REP. No. 96–1418, 96th Cong., 2d Sess. 5, *reprinted in* 1980 U.S.C.C.A.N. 4997). The court in *Sharpe* noted that a restrictive interpretation of § 7430 would produce the harsh result that a litigant could be subjected to meritless opposition at the administrative level without having a remedy for that expense once a proceeding was commenced in a court of the United States. *See Sharpe* at 8. Again, this Court agrees. Were this Court to determine the merits of the issues at bar under the Internal Revenue Code § 7430, it would consider the prelitigation position of the I.R.S. Because of that, and because the language in 28 U.S.C. § 2412 is substantial-

---

6. This Court acknowledges that Pub.L. 100–647, Sec. 6239(a) amended Internal Revenue Code § 7430 effective for proceedings commencing after November 10, 1988. Although the amendment resulted in changes in the statute's language, this Court finds that the issue of specifically which conduct constitutes "position of the United States" is still ripe for discussion. This Court further finds that, notwithstanding the amendments, such discussion would focus substantially on the same arguments.

ly similar, this Court, in the matter at bar, will consider, in addition to its current position, the position of the I.R.S. prior to that to which it adhered in its Agreed Order of May 20, 1992.

■ The only query left for this Court to consider is whether the I.R.S. shall be held liable for an award of attorneys' fees to the debtors, Henry Robert Grewe and Cathy Anne Grewe. Pursuant to this Court's reliance on two related Virginia bankruptcy court cases, this Court will draw the conclusion that the debtors should be awarded attorneys' fees.

The court in *In re Conti*, 42 B.R. 122 (Bankr.E.D.Va.1984), found the I.R.S. liable to the debtor for reasonable attorneys' fees. In that case, the debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on August 3, 1983. The I.R.S. received actual notice of the debtor's bankruptcy filing. Nonetheless, the I.R.S. served a notice of levy upon the debtor's employer in order to collect upon the income tax liability. The debtor filed on behalf of the I.R.S. a proof of claim for the income taxes, interest, and penalties. The debtor filed an objection to said proof of claim and a motion to find the I.R.S. in contempt for violation of the automatic stay in serving notice of levy upon the debtor's employer for a prepetition obligation after receiving notice of the debtor's bankruptcy filing. Although the court in *Conti* declined to hold the I.R.S. in contempt, it nonetheless found the I.R.S. liable for reasonable attorneys' fees which the debtor incurred in enforcing her rights under the Bankruptcy Code. *Id.* at 128. [7]

The court noted that the I.R.S., as a prepetition creditor which ignored the automatic stay and levied upon the debtor's wages, clearly violated rights that Congress had given the debtor. *Id.* It further noted that for the debtor to incur legal expenses enforcing rights granted her under the Bankruptcy Code and not to compensate her for such expenses would be inequitable. *Id.* "[A]n opposite conclusion would mean the government could engage in dilatory tactics and ignore court orders in a bankruptcy proceeding without regard to the legal expenses imposed on the opposing party." *Id.* (*Citing In re Newlin*, 29 B.R. 781 (Bankr.E.D.Pa.1983)). The court in *Conti* found that the I.R.S. action was not substantially justified nor did special circumstances exist making an award of attorneys' fees unjust. [8] *Id.* It noted that because the I.R.S. violated the automatic stay, counsel for the debtor was required, at a minimum, to inform the debtor of her rights, make telephone calls, file motions, appear at hearings, and file a brief to support the motion as the court requested. *Id.* Because the debtor's attorney spent a reasonable amount of time due to the I.R.S. violation of the automatic stay, the court made an award to the debtor for reimbursement of the attorneys' fees incurred due to the violation, "although inadvertent," of the automatic stay. *Id.* In a related case, *In re Conti*, 50 B.R. 142 (Bankr.E.D.Va.1985) (hereinafter *"Conti II"*), the bankruptcy court referred to its previous decision and stated the following: "[Notwithstanding that] the evidence in the first case pointed to an inadvertent violation of the automatic stay due to a clerical error by the I.R.S., and ... [the] prompt release of its levy upon notification that the debtor had filed bankruptcy, ... the I.R.S. should ... be liable to the debtor for reasonable attorneys' fees."

---

**7.** The court found that the statutory authorization for the award of attorneys fees, 28 U.S.C. § 2412(b), was an express waiver, although limited, of sovereign immunity. *See Conti* at 128.

**8.** In the case at bar, this Court notes that the "substantially justified" language of § 2412 refers only to the mandatory versus discretionary quality of a court's decision to award attorneys' fees. Section 2412(b) states generally that a court "may award reasonable fees...." Section 2412(d)(1)(A) states that a court "shall award ... fees ... unless ... the position of the United States was substantially justified...." This Court reads § 2412(d)(1)(A) to require an award of fees under certain circumstances. However, even if a court should find the position of the United States substantially justified, it *may*, pursuant to § 2412(b), award attorneys' fees.

In *Conti II,* essentially the same facts exist as those in *Conti, supra.* In *Conti II,* the court noted the following additional facts. On January 31, 1984, the debtor received her Chapter 7 discharge. On June 6, 1984, the I.R.S. mailed to the debtor a "past due notice." The I.R.S. attached to the notice an indication that the debtor had a tax liability for the period ending December 13, 1977.[9] The debtor maintained that her unpaid 1977 income taxes, penalties, and interest were discharged on January 31, 1984 and, thus, further collection activity by the I.R.S. was enjoined. The I.R.S. conceded that the past due notice was post-discharge, and that the debtor's tax obligation for 1977 was dischargeable and was discharged, except to the extent of any setoff to which it maintained it was properly entitled to effect. For the violation of the § 524 discharge, the court in *Conti II* found an award of attorneys' fees entirely appropriate and, thus, awarded them.

This court agrees with the *Conti* and *Conti II* courts' analyses. Accordingly, this Court finds that for the debtor in the case at bar to have incurred legal expenses in enforcing rights granted them under the Bankruptcy Code and not to compensate them for such expenses would be inequitable. Notwithstanding its violation being potentially inadvertent and its attempts to rectify it promptly, the I.R.S. clearly violated the § 524 discharge order and, thus, its position cannot be substantially justified. Therefore, this Court holds the I.R.S. liable to the debtors for the attorneys' fees as requested in their Motion for Costs and Attorneys' Fees. Because this Court does not determine that an increase in the cost of living or any special factor or set of

factors justifies a higher fee, the attorneys' fee award must be limited in accordance with 28 U.S.C. § 2412(d)(2)(A).[10] Under this limitation, the debtors are entitled to $2,035.[11]

Accordingly, this Court recommends that judgment in the amount of $2,035 be entered in favor of the debtors.

Pursuant to Bankruptcy Rule 9033, the Clerk is directed to transmit copies of this document to counsel for the parties. Any party objecting to these Findings of Fact and Conclusions of Law shall, within ten (10) days after being served, file their objections to the findings or conclusions with the Clerk of the Bankruptcy Court. Likewise, any response to any objection shall be filed within ten (10) days after being served with the objection. Written objections shall identify the specific finding or conclusion to which an objection is made and the objection shall specifically state the grounds upon which the objection is based.

Upon expiration of the time for submitting objections and responses, the Court will forward the record to the United States District Court for its review and consideration.

---

9. This date appears to be an error in the facts. In all likelihood, as an individual, the taxpayer's tax year ended on December 31. The numbers were most likely transposed inadvertently.

10. *See* n. 2.

11. The debtors' request for fees indicates two attorneys billing in excess of $75 per hour. Based upon their total time spent in pursuing the matter at bar, 24.60 hours, this Court limits their award to $1,845. This, the expense reimbursement of $295, and what appears to be paralegal fees of $135 total $2,275. Because the debtors' request does not indicate to what the prepaid amount of $240 should be applied, it will be applied against the total allowable award. Therefore, the total award to which the debtors are entitled is $2,035.